(July 5, 1923.)

# JOHN SHULL, Respondent, v. ANDREW T. LAWRENCE and GEORGE H. LAWRENCE, Appellants.

[217 Pac. 267.]

OPTION CONTRACT—BREACH—DELAYED PERFORMANCE.

> Respondent gave appellants an option to purchase certain lands within a year on certain terms set out in the contract. Appellants tendered performance on their part within a year and demanded performance by respondent, which he refused. *Held,* that respondent is still liable under said contract, and that he cannot escape such liability by wrongfully breaching the contract and thus delaying performance by appellants beyond the time specified in the contract.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Robert M. Terrell, Judge.

Action for damages. Judgment for plaintiff. *Modified.*

E. M. Holden, for Appellants.

The acceptance of the appellants changed the option contract into a contract of sale, binding upon both respondent and appellants. (*Donaldson v. Thousand Springs Power Co.,* 29 Ida. 735, 162 Pac. 334; *Smith v. Bangham,* 156 Cal. 359, 104 Pac. 689, 28 L. R. A., N. S., 522; *Petersen v. Bunting,* 43 Cal. 707, 185 Pac. 508; 39 Ency. of Law & Pr. 1243.)

It was the duty of the trial court to enforce the contract according to its terms, and as the parties actually made it. (*Zohrlaut v. Mengelberg,* 144 Wis. 564, 124 N. W. 247, 128 N. W. 975; *Johnson v. Geddes,* 49 Utah, 137, 161 Pac. 910; *First Nat. Bank v. McIntosh & Peters Live Stock & Commission Co.,* 72 Kan. 603, 84 Pac. 535; *Hughes Produce Co. v.*

Publisher's Note.

Specific performance of optional contracts, see notes in 118 Am. St. 592; 1 Ann. Cas. 990; 12 Ann. Cas. 90; Ann. Cas. 1913A, 362.

*Pulley,* 47 Utah, 544, 155 Pac. 337, L. R. A. 1916D, 728; *Phillips v. Hamilton,* 17 Wyo. 41, 95 Pac. 846.)

The conclusions of law are insufficient to support the judgment of the court adjudging that the verdict of the jury in the supplemental cross-action be vacated and set aside. (*Chamberlain v. Dempsey,* 14 Abb. Pr. 241, 15 Abb. Pr. 1; *Loeschigk v. Addison,* 19 Abb. Pr. 169; *Belmont v. Ponvert,* 3 Rob. (N. Y.) 693; *Broder v. Conklin,* 98 Cal. 360, 33 Pac. 211; *Russell v. Armador,* 2 Cal. 305.)

The evidence is insufficient to justify the finding of fact that the verdict of the jury was a chance verdict. The evidence shows that the verdict was reached after due and careful consideration of the evidence and the instructions of the court and that no part of the verdict was obtained by any method of chance. (*Newman v. Great Shoshone & Twin Falls Water Power Co.,* 28 Ida. 764, 156 Pac. 111.)

The verdict of the jury in the cross-action for the recovery of damages in the form of the reasonable value of the use and occupation of the property in question, and for the recovery of interest and also for the recovery of damages for waste, was an action at law, and the verdict of the jury in such cross-action was binding upon the court. (*Bigham v. Alexander,* 54 Okl. 51, 153 Pac. 644; Tiedeman on Real Property, 2d ed., sec. 81.)

D. E. Rathbun and J. M. Stevens, for Respondent.

A person holding lands in good faith under a judgment of a court in the absence of any question of fraud or deceit, and having in good faith rented and leased the premises, is required to account only for the actual rental received thereon. (*Lawrence v. Rector,* 137 U. S. 139, 11 Sup. Ct. 33, 34 L. ed. 600; *Rabb v. Patterson,* 42 S. C. 528, 46 Am. St. 743, 20 S. E. 540; *Johnson v. Lewis,* 2 Strob. Eq. (S. C.) 157; *Fitzgerald v. Beebe,* 7 Ark. 305, 46 Am. Dec. 285; *New Orleans v. Christmas,* 131 U. S. 191, 9 Sup. Ct. 745, 33 L. ed. 99; *Page v. Fowler,* 39 Cal. 412, 2 Am. Rep. 462.)

When the court finds on an issue that ultimately determines and necessarily supports the judgment rendered, or when it finds facts which require the judgment rendered, other issues in the case become immaterial, and a failure to find thereon, or error in such other findings, becomes immaterial and is not ground for reversal on appeal. (*Anglo-American Land Co. v. Lombard*, 132 Fed. 721, 68 C. C. A. 89; *Chambers v. Emery*, 13 Utah, 374, 45 Pac. 192; *De Galindo v. De Galindo*, 147 Cal. 77, 81 Pac. 279; *Adams v. Crawford*, 116 Cal. 495, 48 Pac. 488; *Uhrlaub v. McMahon*, 15 Ida. 346, 97 Pac. 784; *Later v. Haywood*, 14 Ida. 45, 93 Pac. 374.)

Appellants were not entitled to jury trial as a matter of right in equity cases. (*Christensen v. Hollingsworth*, 6 Ida. 87, 53 Pac. 211; *Lindstrom v. Hope Lumber Co.*, 12 Ida. 14, 88 Pac. 92; *Rayl v. Brown*, 108 Kan. 385, 195 Pac. 611; *Butts v. Butts*, 84 Kan. 475, 114 Pac. 1048.)

The findings of fact and judgment thereon from conflicting evidence offered at the trial will not be set aside or disturbed on appeal. (*Brown v. Grubb*, 23 Ida. 537, 130 Pac. 1073; *Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662; *Morris-Roberts Co. v. Mariner*, 24 Ida. 788, 135 Pac. 1166; *Panhandle Lumber Co. v. Rancour*, 24 Ida. 603, 135 Pac. 558.)

DUNN, J.—This cause was brought to this court on a former appeal, in which the opinion is in 32 Ida. 527, 186 Pac. 246, where a statement of the facts up to that time may be found. On that appeal judgment giving possession of the property in controversy to respondent was reversed and the cause was remanded to the trial court for further proceedings in accordance with the views expressed in the opinion.

By cross-complaint appellants sought specific performance of the option contract and other contracts mentioned in the former opinion. Some time after the receipt of the *remittitur* the district court permitted appellants to file a supplemental cross-complaint, in which they claimed damages amounting to $28,700 as the reasonable value of the use of the lands and premises in controversy from April 27, 1917,

to March 1, 1920, the period during which respondent had wrongfully kept appellants out of the use of said premises; damages in the sum of $1,515 by reason of waste alleged to have been committed by respondent during said period, and also damages in the sum of $840 as a reasonable interest charge on the sum of $4,000 which respondent had compelled appellant to pay to and keep on deposit with the clerk of the district court of Bingham county for a period of three years, beginning about April, 1917.

It was stipulated by counsel for the respective parties that the amount due on the purchase price of the land in controversy under the option contract of the parties, over and above the amount of the Devereaux mortgages, was $43,316.92. The issues involved in the supplemental cross-complaint and the answer thereto were tried before a jury and on July 14, 1920, a verdict was rendered in favor of appellants for $21,690. Respondent moved that the verdict be set aside and a new trial granted, on the ground, first, that the verdict of the jury had been arrived at by chance, and on several other grounds. The trial court made no formal ruling on the motion, but set aside the verdict on the ground that such verdict was only advisory, and on the further ground that it had been reached by a resort to chance. This action of the court is assigned as error, and the determination of this question will be decisive of the appeal from the judgment entered on findings made by the court after setting aside the verdict.

We think the trial court erred in holding the verdict merely advisory in the trial of the issues involved in the supplemental cross-complaint and the answer thereto. The parties were entitled to a jury trial in this case as a matter of right under C. S., sec. 6837.

In support of the claim that the verdict was determined by chance, and in opposition thereto, seven affidavits of jurors were filed by each party. The affidavits filed by respondent set forth in substance that in considering the items of damages based upon the allegations of waste, seven of the jurors favored disallowing any damages, while five of them

favored an allowance; that an agreement was made that each juror write on a ballot the amount of allowance favored by him, and that the total of said amounts be divided by twelve and the quotient used as the amount to be allowed. Seven of the jurors, including two who made affidavits in support of the motion, made affidavits admitting substantially what is alleged in the affidavits filed by respondent, but setting up further that the amounts so arrived at were discarded by the jurors and a subsequent agreement reached that $20,000 and interest thereon to the amount of $1,690 should be allowed as the total sum to which appellants were entitled under their supplemental cross-complaint, and that thereafter a verdict was rendered for $21,690. This further showing is not denied.

The entire showing with regard to this matter, being made by affidavits, this court may determine the merits of the motion, and an examination of all the affidavits convinces us that the verdict in this case was not a chance verdict, but comes within the rule followed in the cases of *Newman v. Great Shoshone etc. Power Co.*, 28 Ida. 764, 156 Pac. 111, and *Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545.

The court should have entered judgment for the amount of the verdict, such sum to be applied on the balance of the purchase price agreed upon, $43,316.92.

The trial court found that the reasonable rental value of the premises during the years 1917, 1918 and 1919 was $16,892, and that after deducting this amount and some additional amounts allowed by the court there was due to respondent from appellants a balance of $25,625.30 as of July 14, 1920. The court also found all payments provided for in the option contract were then due and payable to respondent, but allowed sixty days thereafter in which appellants might pay the balance due on the purchase price of said lands.

We think the trial court was in error in holding all the payments under the option contract due under the facts shown in this case. Respondent wrongfully ousted appellants from the possession of the land at a time when they

might have met the payments under the contract. He had agreed that the assumption of the amount of the Devereaux mortgages, $15,000, might be considered as a payment on the said option contract and this court held in the former opinion that since the contract did not specify to what payment the assumption of these mortgages should apply, appellants might elect to apply it to the first payment, which they did. In the option contract respondent agreed that if the lands were purchased by appellants he would carry three-fourths of the price as a loan upon said lands for one, two or three years "to accommodate the said second party," meaning appellants. As we understand the situation between these parties, respondent breached the contract by wrongfully ousting appellants and keeping them out of the use of said land during 1917, 1918 and 1919, and although they notified him on May 17, 1916, within the life of the option contract, that they were ready, able and willing to carry out their part of said contract and demanded a deed and tendered their note and mortgage in compliance with said contract, respondent refused and has ever since refused to perform his part of said agreement.

In our view of the case, appellants are still entitled, if they desire to purchase this land, to have the terms of the said contract complied with. The Devereaux mortgages became due August 1, 1920. If they still stand against the land, appellants are entitled to a deed from respondent on tendering him a note secured by a mortgage on said land, running one, two or three years, as appellants may elect, for the difference between their judgment of $21,690.30, with interest thereon from August 13, 1921, to date of such tender, with any interest paid by respondent on the Devereaux mortgages since May 17, 1916, and the sum of $43,316.92. If said mortgages have been foreclosed, and respondent is now the owner of said land, appellants are entitled to a deed from him upon their paying or tendering to him the amount of the Devereaux mortgages, with interest according to the terms thereof from May 17, 1916, the date of their tender under the option contract, less such portion of said principal or interest, if

any, as may have been paid by appellants, provided appellants also tender a note and mortgage, running as above stated, securing the balance of said $43,316.92, after applying their judgment, with interest, thereto. If respondent fails or refuses, for thirty days after demand made in writing after *remittitur* is filed with the clerk of the district court, to perform his part of said option contract, provided always that appellants are ready, able and willing to perform and tender performance on their part, then said judgment for $21,690, with interest, in behalf of appellants and against respondent, shall be subject to enforcement in the statutory manner.

The judgment of the trial court is reversed, and the cause remanded with directions to enter a judgment in favor of appellants as indicated in this opinion. Costs awarded to appellants.

McCarthy and Wm. E. Lee, JJ., concur.

William A. Lee, J., being disqualified, did not sit at the hearing or take part in the opinion.