(July 3, 1925.)

ANDREW T. LAWRENCE and GEORGE H. LAWRENCE, Plaintiffs, v. ROBERT M. TERRELL, District Judge, Defendant.

[238 Pac. 1072.]

WRIT OF MANDATE—ENFORCEMENT OF DECISION OF APPELLATE COURT.
Facts in this cause considered and *held*, that under the opinion and order of this court rendered on an appeal in the main case, it became the duty of the district court to enter judgment in favor of plaintiffs as in such opinion and order directed, and writ of mandate will lie to the judge of the district court to compel the entry of such judgment as a ministerial act not requiring the exercise of judicial discretion.

Original application for Writ of Mandate. Alternative writ issued and on return day answer filed by defendant. Peremptory writ granted.

W. H. Holden and E. M. Holden, for Plaintiffs, cite no authorities.

D. E. Rathbun, for Defendant.

Upon the record in this matter, the petitioners' writ of mandate should be quashed, in that it seeks to have this court require the district court to do a vain and useless thing, which the law never requires, and upon which a failure to perform an official duty could not be predicated. (*Abels* *v.* *Turner Trust Co.*, 31 Ida. 777, 176 Pac. 884.)

BUDGE, J.—The proceedings now pending before this court arose out of substantially the following facts:

On May 17, 1915, one Shull gave plaintiffs a written option to purchase certain lands. Thereafter, on September 7, 1915,

Publisher's Note.

1. Writ of mandate, when allowable, see note in 89 Am. Dec. 728.

an agreement was entered into between Shull, the plaintiffs, and the Devereaux Mortgage Company, under the terms of which said company made two loans on the premises, one for $6,600 and the other for $9,900, for a period of five years, Shull receiving the money. In the agreement under which the loans were made it was provided that in the event of the plaintiffs exercising their option to purchase thé premises and assuming the two mortgages, Shull would consider the assumption of said mortgages by plaintiffs as part payment of the purchase price of the property covered by the written option. In August, 1916, during the life of the option, Shull commenced an action in ejectment against the plaintiffs in the district court of the sixth judicial district. Plaintiffs answered the complaint and filed a cross-complaint to compel Shull to specifically perform the option contract. Judgment of ouster was entered in favor of Shull, who thereafter went into possession of the land described in the option to purchase. From the judgment so entered plaintiffs appealed to this court, which appeal resulted in the judgment of the court below being reversed and the cause being remanded. (*Shull v. Lawrence*, 32 Ida. 527, 186 Pac. 246.) After the going down of the *remittitur*, plaintiffs filed a supplemental cross-complaint in which they claimed damages for the use and occupation of the premises by Shull from the date of ouster of plaintiffs, covering three crop seasons. The cause was tried upon the issues involved in the action in ejectment, upon the cross-complaint for specific performance, and also upon the cross-complaint for damages for the use and occupation of the premises. The issues involved in the claim for damages were tried before a jury, which rendered a verdict for the sum of $21,690.30 in favor of plaintiffs and against Shull. A motion for a new trial was made by Shull upon certain specified grounds. The court, while making no formal ruling on the motion, nevertheless set aside the verdict. From the judgment and order of the trial court setting aside the verdict the plaintiffs appealed to this court, and thereafter, on July 5, 1923, the judgment of the trial court was

again reversed. (*Shull v. Lawrence,* 37 Ida. 401, 217 Pac. 267.)

Hon. Robert M. Terrell, one of the judges of the fifth judicial district, presided at both trials in the sixth judicial district. He refused to enter judgment upon the going down of the *remittitur* in the last appeal, whereupon the plaintiffs on April 6, 1925, filed their petition herein praying that an alternative writ of mandate issue to said Hon. Robert M. Terrell requiring him to show cause why he should not enter judgment in accordance with the mandate of this court. An alternative writ of mandate was issued as prayed for, a return and answer filed by the defendant judge, and thereafter the matter was submitted to this court for final determination.

The sole question now presented is the character of the judgment to be entered as directed in the case of *Shull v. Lawrence,* 37 Ida. 401, 217 Pac. 267.

In directing what judgment should be entered this court used the following language:

"In our view of the case, appellants (Lawrences) are still entitled, if they desire to purchase this land, to have the terms of the said contract complied with. The Devereaux mortgages became due August 1, 1920. If they still stand against the land, appellants are entitled to a deed from respondent (Shull) on tendering him a note secured by a mortgage on said land, running one, two or three years, as appellants may elect, for the difference between their judgment of $21,690.30, with interest thereon from August 13, 1921, to date of such tender, with any interest paid by respondent on the Devereaux mortgages since May 17, 1916, and the sum of $43,316.92."

In other words, if appellants still desired to purchase the premises under their option, they were entitled to credit of $21,690.30, with interest thereon as above stated, which amount was to be deducted from the purchase price of the premises, viz.: $43,316.92, plus any interest paid by Shull on the Devereaux mortgages from May 17, 1916.

It was also provided that:

"If said (Devereaux) mortgages have been foreclosed, and respondent (Shull) is now the owner of said land, appellants (Lawrences) are entitled to a deed from him upon their paying or tendering to him the amount of the Devereaux mortgages, with interest according to the terms thereof from May 17, 1916, the date of their tender under the option contract, less such portion of such principal or interest, if any, as may have been paid by appellants, provided appellants also tender a note and mortgage, running as above stated, securing the balance of said $43,316.92, after applying their judgment, with interest, thereto."

And it was last provided that:

"If respondent (Shull) fails or refuses, for thirty days after demand made in writing after *remittitur* is filed with the clerk of the district court, to perform his part of said option contract, provided always that appellants (Lawrences) are ready, able and willing to perform and tender performance on their part, then said judgment for $21,690 with interest, . . . . " shall be entered against Shull, subject to enforcement in the statutory manner.

Prior to May, 1922, the Devereaux Mortgage Company sold and assigned their two mortgages to the Beneficial Life Insurance Company, a Utah corporation, which corporation foreclosed the mortgages, caused the premises to be sold and purchased for itself at sheriff's sale, and upon the expiration of the year of redemption had received a sheriff's deed therefor, all of which occurred prior to the going down of the last *remittitur*. Shull was accordingly in no position to comply with the terms of his option, and a demand and tender of full compliance with the option made by the Lawrences after the filing of such *remittitur* was therefore but an idle act.

The Lawrences on May 17, 1916, were in possession of the premises under the option contract, and thereafter continued to have the right of possession under their tender of compliance with the option contract. Shull wrongfully ousted them from possession and occupied the premises himself during the years 1917, 1918 and 1919. The judgment for

$21,690.30 was awarded to the Lawrences by the verdict of the jury as damages for the use and occupation of the premises by Shull for those years. The judgment provided that in the event that the terms of the option were not carried out, judgment should be entered in favor of the Lawrences for $21,690 with interest, but if carried out, the amount of said judgment should be credited upon the purchase price. Since Shull was in no position to carry out the terms of the option, which fact was made clear to the trial court, it became the duty of the court to enter judgment in favor of the Lawrences for $21,690 together with interest thereon from August 13, 1921. The entry of such judgment was but a ministerial duty not requiring the exercise of judicial discretion.

The defendant judge will be directed to enter judgment in the action of *Shull v. Lawrence* now pending before him for the sum of $21,690, together with interest thereon at the statutory rate from August 13, 1921, in favor of the Lawrences, defendants therein, and against Shull, the plaintiff therein. Costs are awarded to plaintiffs.

Let writ issue accordingly.

Givens and Taylor, JJ., concur.

William A. Lee, C. J., being disqualified, took no part.

WM. E. LEE, J., Concurring in Part and Dissenting in Part.—I concur in the conclusion that a writ should issue, directing the trial court to enter judgment, but I am not in favor of the entry of the particular judgment directed in the majority opinion. I still believe this court was right in the last opinion in holding that the verdict of the jury was not advisory and that the Lawrences (in addition to the amount of the Devereaux mortgages which they had assumed) were entitled to pay the balance due on the purchase price of the land, according to the contract, less the sum allowed by the verdict of the jury for the reasonable rental value of the land for the three years they were out of

41 Idaho—14

possession. However, the study I have made of the facts, especially the conditions existing when the last *remittitur* went down and about which we are now for the first time advised, has convinced me that this court went too far in directing the entry of a judgment in favor of the Lawrences and against Shull for $21,690, in the event that Shull refused to convey the land and the Lawrences were "ready, able and willing to perform," and that a serious injustice has resulted therefrom. The matter of entering any independent judgment against Shull was never an issue in the case and was not before us. It is true that, after the first decision in this case, the lower court and counsel thought it necessary for the court to find what was due Shull and, to do that, it was thought necessary to find out how much of a credit or offset the Lawrences were entitled to for the rental value of the land for the three years Shull had kept them out of possession prior to this court's first decision, and that was what the second trial was about. It is important to notice (for the majority neither mentions nor discusses it) that in the second trial, it was stipulated in open court that the Lawrences owed Shull $43,316.92, "less any amounts" that should be allowed the Lawrences in that trial; and judgment was accordingly entered for Shull for $43,416.92, less the amount found by the court for the rental value of the land for the three years the Lawrences were out of possession. This court, in the second opinion said, "The court should have entered judgment for the amount of the verdict, *such sums to be applied on the balance of the purchase price agreed upon, $43,316.92.*" There was, therefore, due Shull $43,316.92, and the Lawrences were enti'led to a credit thereon of $21,690.

But we now have a situation which was not before us when we handed down the last opinion. The Lawrences failed to pay the Devereaux mortgages, which they had assumed and agreed to pay. The mortgages had been foreclosed, and for that reason Shull could not convey the land and the Lawrences could not purchase it. In view of this situation, the majority directs that a judgment of $21,690 be entered for

the Lawrences, but that no judgment be entered for Shull. And although it was stipulated that this $21,690 should be applied as a credit on what was due Shull and was so decided by this court, the majority overlook these facts and direct the Lawrences to recover $21,690 from Shull when that sum allowed by the jury was never intended by the parties as anything more than a credit on the larger indebtedness owing by the Lawrences to Shull. Even under the literal direction of this court in the last opinion, the entry of this $21,690 judgment is not justified. By not paying the Devereaux mortgages and permitting them to be foreclosed, the Lawrences put themselves in a position where they are now neither ready nor able to perform on their part. If the Lawrences have any cause for complaint against Shull, it is not for $21,690, which they stipulated should be a credit on what they owed Shull, but it is for a breach of his contract to sell them the land. Neither party is now in position to perform the contract, and there is neither reason nor justice in permitting the Lawrences to take Shull's money since they owe him a lot more than he owes them.

For eight or nine years, from the early spring of 1915 until the issuance of the sheriff's deed in the mortgage foreclosure, with the exception of three years, the Lawrences lived on, farmed and enjoyed Shull's land. They never, according to the record, paid Shull one cent as rent, nor one dollar on the purchase price. There is no record that they ever paid anything on the interest or the principal of the Devereaux mortgages, yet because Shull kept them off of his land three years, this court has commanded the trial court to enter a judgment enabling the Lawrences to take from Shull $21,690, even in view of the stipulation between Shull and the Lawrences that such amount should be a credit on the larger amount they owed Shull.

Petition for rehearing denied.