Points Decided.

(July 30, 1925.)

DON C. RICHARDS, Respondent, v. SAMUEL M. JARVIS, ELLEN F. JARVIS and THE LEMHI VALLEY BANK, a Corporation, Appellants.

[238 Pac. 887.]

VENDOR AND PURCHASER—CONTRACTS FOR SALE OF REAL AND PERSONAL PROPERTY — CONSTRUCTION AND OPERATION—PERFORMANCE — CONCURRENT ACTS—RIGHT TO RESCISSION—BREACH OF CONDITIONS—WAIVER—ACTIONS FOR RESCISSION—PLEADINGS—TRIAL—FINDINGS OF FACT—FORM OF JUDGMENT.

1. Complaint in this case examined and *held* sufficient.

2. Agreement construed, and *held* to require delivery by the sellers of abstract for inspection not later than the time they are required to tender to buyer their deeds for the property.

3 Provisions of the agreement herein *held* to require performance by the buyer and the sellers as concurrent acts.

4. Under an agreement for the sale of real and personal property providing that performance by the buyer shall be concurrent with performance by the sellers, nonperformance by the buyer is not the proximate cause of the other's inability to perform, especially where the latter waives the former's default.

5. Where the evidence is conflicting but there is evidence enough, if uncontradicted, to support the finding of the trial court, such finding will not be disturbed by the appellate court.

6. Where a vendor is unable to perform at the time performance is required of him, a tender of performance by the vendee is not required.

7. Where under a contract to convey by good and sufficient warranty deed, the vendor insists upon the vendee taking a doubtful title, the vendee is at liberty to rescind the contract and recover back any payments made on the purchase price.

8. Where a vendor in a contract for the sale of real and personal property admits that he is unable to perform, the vendee may rescind the contract without tendering performance by him.

9. A finding by the trial court not sustained by sufficient evidence will not support a judgment based thereon.

10. A judgment awarding money damages should run in favor of the judgment creditor, against the judgment debtor, so that same may be enforced by execution.

11. An escrow-holder with no personal interest in the main action or in the money deposited in escrow with it, but defending

jointly with others an action in part for the recovery of the money so deposited, cannot complain that costs are awarded jointly against it and the other defendants.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, judge.

Action for rescission of contract for sale of real and per-. sonal property. Judgment for plaintiff. *Reversed and remanded,* with instructions.

E. H. Casterlin and Whitcomb, Cowen & Clark, for Appellants.

The respondent was not entitled to rescind himself, being in default by not executing and placing mortgages and notes with the Leadore State Bank. This is especially true where such default makes it impossible for the vendor to perform. (39 Cyc. 1422 and cases cited, 2025, n. 58; *Fountain v. Semi-Tropical Land Co.,* 99 Cal. 677, 34 Pac. 497; *Lemle v. Barry,* 181 Cal. 6, 183 Pac. 148; *Hall v. Yaryan,* 25 Ida. 470, 476, 138 Pac. 339.)

Had the respondent fully performed his part of the contract to purchase by placing mortgages and notes with the Lemhi Valley Bank, appellant would have been able to give a good marketable title to all of the property, real and personal, free and clear of all encumbrances.

A purchaser of land who has paid part of the price and failed to carry out his contract, the vendor at the same time "being ready and willing to proceed and fulfill all his stipulations according to contract," cannot recover the money paid, although the contract does not provide for a forfeiture. (*Downey v. Riggs,* 102 Iowa, 88, 70 N. W. 1091; *Glock v. Howard & Wilson Colony Co.,* 123 Cal. 1, 69 Am. St. 17, 55 Pac. 713, 43 L. R. A. 199; *Hansbrough v. Peck,* 5 Wall. 497, 18 L. ed. 520; *Hurley v. Anicker,* 51 Okl. 97, 151 Pac. 593, L. R. A. 1918B, 538.)

The appellant Jarvis, having fully performed his part of the written agreement, except as prevented by respondent,

and the respondent Richards having failed to perform his part thereof, the $3,000 paid to the Leadore State Bank became the property of the appellant under the terms of the contract, and Richards cannot maintain suit therefor. (27 R. C. L., p. 624, sec. 378, and p. 644, sec. 406; 39 Cyc. 1353, note 11; *Hurley v. Anicker, supra; Stratton v. California Land etc. Co.,* 86 Cal. 353, 24 Pac. 1065.)

No tender for the use and occupation of the property involved, or for loss of property, was made by respondent at the time of his giving notice of attempted rescission of the contract, and no demand was then made that Jarvis perfect his title, or free the same from encumbrances. (*Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; 39 Cyc. 1423 and 1427, n. 60, 2051, n. 78.)

Respondent knew of existing encumbrances upon the property at the time the contract of sale was entered into, and he had no right to refuse full performance of his part of the contract and claim rescission on the ground that the property was encumbered. (*Papesh v. Wagnon,* 29 Ida. 93, 157 Pac. 775; *Griesemer v. Hammond,* 18 Cal. App. 535, 123 Pac. 818; *Higgins v. Eagleton,* 155 N. Y. 466, 50 N. E. 287; *Galvin v. Collins,* 128 Mass. 525; *Ready v. Sound Inv. Co.,* 64 Wash. 422, 116 Pac. 1093; *Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294; *Lemle v. Barry,* 181 Cal. 6, 183 Pac. 148; *Henderson v. Fields,* 143 Ga. 547, 85 S. E. 741; *Claude v. Richardson,* 127 Iowa, 623, 103 N. W. 991; 39 Cyc. 1409, n. 24, 1410, n. 32 and 33.)

Respondent by entering into possession of the property, and exercising ownership thereover, knowing of the encumbrances thereon, waived his right to rescind. (*Barnett v. Gaines,* 8 Ala. 373; *Akerly v. Vilas,* 21 Wis. 88; *Christian v. Scott,* 1 Stew. (Ala.) 490, 18 Am. Dec. 68; *Worley v. Nethercott,* 91 Cal. 512, 25 Am. St. 209, 27 Pac. 767.)

The right to rescind was waived by the unreasonable length of time plaintiff held possession of the property and exercised domain thereover, after knowledge of existing encumbrances. (39 Cyc. 1427d, 1429, note 66.)

The respondent having refused to perform his part of the contract, and having elected to rescind, relieved the appellant from all further obligation under the contract, forfeits his right to the $3,000 paid and becomes liable for the reasonable rental value of the premises and property, the value of personal property not returned to the defendant Jarvis. (39 Cyc. 1358, note 55; *Holverson v. Evans,* 38 Ida. 428, 224 Pac. 1067; *Citizens Nat. Bank of Roswell v. Davisson,* 229 U. S. 212, Ann. Cas. 1915A, 272, 33 Sup. Ct. 625, 57 L. ed. 1153; *Keefe v. Fairfield,* 184 Mass. 334, 68 N. E. 342; *Buchanan v. Lorman,* 3 Gill (Md.), 51; *Huson v. Anderson,* 1 Rich. Eq. Cas. (S. C.) 164.)

Even though the vendor, after the purchaser's default had put it out of his power to perform, that does not authorize a rescission by the purchaser. (*Aikman v. Sanborn,* 5 Cal. Unrep. 961, 52 Pac. 729; *Ketchum v. Evertson,* 13 John. (N. Y.) 359, 7 Am. Dec. 384.)

Plaintiff cannot rescind and recover any part of the purchase money already paid by him without restoring or offering to restore appellants to the *status quo* as nearly as might be done. This was not done, and no offer was made to compensate Jarvis for loss of personal property. (6 R. C. L., p. 936, sec. 319; *Conner v. Henderson,* 15 Mass. 319, 8 Am. Dec. 103; *Chamberlin v. Ivens,* 36 Ida. 235, 210 Pac. 580.)

Since the covenants in the contract were mutual and dependent, and were to be simultaneously performed by the respective parties thereto, the plaintiff must aver and prove performance so far as he was able to perform, and offer to perform such covenants as he was prevented from performing by acts of the vendor. (39 Cyc. 1422, 2060, note 40; *Ketchum v. Evertson,* 13 Johns. (N. Y.) 359, 7 Am. Dec. 384; *Bean v. Atwater,* 4 Conn. 3, 10 Am. Dec. 91.)

The complaint did not state a cause of action and the demurrer should have been sustained. (*Bell v. Stadler,* 31 Ida. 568, 174 Pac. 129; *Peckham v. Stewart,* 97 Cal. 147, 31 Pac. 928.)

Burleigh & Glennon and Thomas & Andersen, for Respondent.

Appellants never did, and never were in a position to, execute and deliver conveyance which would convey a marketable title, because the property was at all times so heavily encumbered that it was beyond the power of these parties to convey a marketable title. (39 Cyc. 1406, 1407, 1409.)

The purchaser has the right to a clear title before he can be compelled to pay the purchase price. (*Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; 39 Cyc. 1442.)

"Where under a contract to convey real property by a good and sufficient warranty deed vendor insists on vendee taking a doubtful title, vendee is at liberty to rescind the contract and demand repayment of money paid by him on the purchase price." (*Boyd v. Boley,* 25 Ida. 584, 139 Pac. 139; *Bell v. Stadler,* 31 Ida. 568, 174 Pac. 129; *Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711; *Bank of Columbia v. Hagner,* 26 U. S. 455, 7 L. ed. 219; *Adams v. Henderson,* 168 U. S. 573, 18 Sup. Ct. 179, 42 L. ed. 584; *Adams v. Reed,* 11 Utah, 480, 40 Pac. 720; *Justice v. Button,* 89 Neb. 367, 131 N. W. 736, 38 L. R. A., N. S., 1; *Ankeny v. Clark,* 148 U. S. 345, 13 Sup. Ct. 617, 37 L. ed. 475.)

"Neglect or refusal to convey title at the time fixed by the contract constitutes a breach of the agreement to convey which entitled the purchaser to rescind." (39 Cyc. 1416; *Colpe v. Linblom,* 57 Wash. 106, 106 Pac. 634.)

The purchaser would not be liable for rent, where he is not in default, until after demand had been made on him for possession. (*Hannan v. McNickle,* 82 Cal. 122, 23 Pac. 271; *Kerns v. Dean,* 77 Cal. 555, 19 Pac. 817.)

"Where the property has been destroyed or taken from the party seeking to rescind, without his fault, it need not be restored." (13 C. J. 622, 623; *Neblett v. Macfarland,* 92 U. S. 101, 23 L. ed. 471; *Jones v. McGinn,* 70 Or. 236, 140 Pac. 994.)

BUDGE, J.—This is an action by respondent Richards, the buyer, against Jarvis and wife, the sellers, and Lemhi Valley Bank, the escrow-holder, appellants, for the rescission of a written contract for the purchase and sale of real and personal property and for the return of a $3,000 deposit made by respondent upon the purchase price. In their joint answer and cross-complaint, the sellers ask for a rescission of the contract, judgment that the $3,000 deposit be paid to them, and also for damages for the use and occupation of the property by the buyer, for the value of the personal property delivered by them to the buyer and not returned, and for principal, interest and attorney fee on a certain promissory note given to them by the buyer.

The cause was tried to the court without a jury, and judgment was entered for respondent rescinding the contract, ordering that the escrow-holder deliver up for cancelation the original agreement in its possession, that the $3,000 deposit be repaid to the buyer, less $1,040 as the value of the personal property not returned, and directing that the escrow-holder pay to the buyer $1,960 and to the sellers $1,040. The judgment further provided that the sellers surrender and deliver up to the buyer the promissory note before mentioned, and that the buyer recover of the sellers and the escrow-holder jointly his costs and disbursements incurred in the action. From the judgment so entered the sellers and the escrow-holder prosecute this, a joint appeal.

The written agreement involved is dated January 10, 1920, and provides that the respondent shall pay a total purchase price of $34,000 for the real estate, livestock and other personal property described in the agreement. Three thousand dollars of the purchase price was to be placed in escrow in the Lemhi Valley Bank of Leadore at the time of the execution and delivery of the contract, to be delivered to the sellers upon the full performance by them of their part of the agreement. The balance of the purchase price, $31,000, was to be evidenced by promissory notes of the same date

as the contract, and to be secured by mortgages upon the real and personal property. These promissory notes and mortgages were to be signed, executed and placed with the Lemhi Valley Bank as escrow-holder within thirty days from the date of the contract, to be delivered to sellers upon the full and due performance by them of the conditions and agreements set out in the contract. The sellers at that time were endeavoring to secure a loan of $12,000 from eastern parties through the Lemhi Valley Bank, to be secured by a mortgage upon the real estate described in the agreement, which provided that the mortgage to be given to secure this loan should be a first mortgage, and that respondent should assume the payment of same as part of the purchase price, thereby reducing to $19,000 the amount for which respondent was to give to the sellers his notes secured by mortgages upon the real and personal property.

The written agreement also provided that the sellers should give the buyer immediate possession of the premises, should execute a good and sufficient warranty deed conveying to the buyer all the real property, except one eighty-acre tract included in the transfer for which they had not yet secured title, and a bill of sale to the buyer of all the personal property, both deeds and bill of sale to be placed by the sellers in escrow in the bank within thirty days from the date of the agreement, for delivery by the bank to the buyer upon full performance by him of the terms, conditions and agreements in the writing mentioned to be done and performed by him. It further provided that the sellers should deliver to the buyer for his inspection an abstract of title to all the lands therein mentioned, except the eighty acres above referred to, showing good title free from all encumbrances except the $12,000 mortgage.

The conditions regarding forfeiture are that if the sellers shall fully perform all of the conditions on their part to be performed, within the time provided, in the event that the buyer failed to comply with all the conditions on his part to be performed within the time provided, then the $3,000 deposit was to be forfeited to the sellers, the bank should

turn back to the sellers the deeds and bill of sale provided for, and the buyer should forfeit all further right of possession of the property and premises, and immediately surrender possession to the sellers.

The buyer took possession of the real and personal property in the latter part of January, 1920, and continued in possession up to April, 1921. In February, 1921, he gave notice of the rescission of the contract, offered the return of the real and personal property, and demanded the repayment of the $3,000 deposited in the bank. The sellers in April, 1921, also gave notice of rescission, and demanded and received possession of the real estate and certain of the personal property.

Appellants rely upon twenty-four assignments of error. We shall consider only such as in our opinion are decisive of the questions involved.

It is first insisted that the court erred in overruling the demurrer filed to the complaint for the reason that the complaint does not contain an allegation of performance upon the part of respondent or an excuse for nonperformance, or any sufficient allegation of nonperformance on the part of the sellers. The complaint alleges the making of the contract, the deposit of $3,000 in escrow, the sellers' failure to comply with the terms of the agreement in that they did not furnish a good and sufficient deed with merchantable title, that from time to time the sellers were given extensions of time for the purpose of enabling them to clear up the title, that neither before nor at the date of the complaint, March, 1921, were they able to convey a good and merchantable title by reason of the property, real and personal, being heavily encumbered with liens and mortgages which the appellants are unable to clear off and discharge. It further alleges that respondent gave notice of rescission, is able, ready and willing to perform the conditions required of him, and tenders a return to the sellers of all property received from them under the agreement. We are of the opinion that the complaint states that the sellers are unable to comply with their part of the agreement

within the meaning of the rule in *Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711, and that an allegation of performance or tender of performance by the respondent was not necessary. The pleading of respondent's readiness to perform and his tender of the property back to the sellers meets conditions laid down in *Chamberlin v. Ivens*, 36 Ida. 235, 210 Pac. 580. It is therefore held that the complaint states facts sufficient to constitute a cause of action.

Appellants next contend that the court's interpretation of the contract in finding V to the effect that appellants were to furnish within thirty days of the date of the agreement an abstract of title disclosing and showing them to have a good and merchantable title to the real estate is erroneous, on the ground that the contract makes no provision as to time, and requires only that appellants furnish abstract of title for respondent's inspection. We are of the view that, under the provisions of the written agreement, the sellers must deliver abstract for inspection not later than the time they are required to tender their deeds and bill of sale for the property. No abstract was tendered or delivered to respondent at any time, or for any purpose.

Appellants maintain that the court erred in its findings V and VI in holding that the sellers failed to comply with the terms of the agreement in failing to make conveyances granting merchantable title, free from encumbrances other than that assumed by respondent without also finding that such failure was due to the fault of respondent in not placing his notes and mortgages with the escrow-holder, and further erred in not holding that had the respondent performed, the sellers would have been able to perform on their part. The written agreement provides that the $3,000 deposit and respondent's notes and mortgages were to be delivered to the sellers upon full performance by them; that the sellers' deeds and bill of sale were to be delivered to respondent upon full performance by him. The instruments to be executed by the respective parties were to be placed in escrow within the same time limit, thirty days from the date of the agreement. These and other conditions of the

contract indicate that performance upon both sides was to be by concurrent acts. Appellants' contention is that the finding of the court to the effect that the sellers "were unable to perform means nothing more than saying that the sellers with notes and mortgages at their command, aggregating the value of $19,000 less $400, were unable therewith to satisfy encumbrances aggregating the sum of $12,667.19." The unsoundness of the contention lies in the assumption that the placing of the notes and mortgages in escrow would give the sellers the command of the notes and mortgages, or any right to them in advance of their tender of deed, bill of sale, and abstract. Appellants overlook the fact that it was the contract duty of the sellers to have the extra encumbrances cleared off within thirty days, within the same time that the respondent was to place his notes and mortgages in escrow. The trial court would have been justified in considering as unsatisfactory the evidence of appellants regarding their ability to clear off the encumbrances had they the command of the notes and mortgages. There is also to be taken into consideration the fact that respondent testified that appellant Jarvis requested him to do nothing further in the way of complying with the contract until the sellers made corrections in their title, something the evidence shows they were ultimately unable to do.

In finding VIII the court held that respondent was ready, willing and able at all times to comply with the terms and conditions of the contract on his part to be performed. Appellants claim this to be error. We think the evidence for respondent, if uncontradicted, would be sufficient to support the finding, and that it should stand.

The respondent and his wife did not execute their notes and mortgages and place them in escrow as provided by the agreement. This is assigned by the appellants as a reason why the court erred in not finding for them, and is assigned also as a reason why the court erred in finding that respondent was entitled to rescission of the contract, there being no showing that respondent had fully performed or offered to fully perform his part of the contract. As men-

tioned in the paragraph second preceding, there is evidence
that respondent was requested by the sellers to hold off
full performance on his part until the sellers were them-
selves in a position to perform. We think there is suffi-
cient evidence to warrant the conclusion that during all
of the time respondent was in possession of the real and per-
sonal property, a period of approximately a year, the sellers
at no time showed themselves to be in position to discharge
or procure the release of the mortgages, liens and encum-
brances against both the real and personal property so
that their deed would have conveyed merchantable title
to the real estate, or their bill of sale transferred the
personal property free from encumbrance. Under such cir-
cumstances it would have been but an idle act for the re-
spondent to have executed notes and mortgages and placed
the same in the escrow-holder's hands, even if that were
a condition precedent, for the reason that the sellers under
the terms of the agreement could at no time have negotiated
them or put them up as collateral for the purpose of dis-
charging the mortgages and liens existing and in force
against the premises, and at no time could they have de-
livered merchantable title under the terms of the contract fol-
lowing the deposit of the notes and mortgages. Under the
great weight of authority, where payment, or a tender of
note and mortgage, is a condition precedent, a tender by
the vendee is dispensed with when at the time for perform-
ance on his part, or extension thereof by agreement, the
vendor is unable to substantially perform. (*Marshall v.
Gilster,* 34 Ida. 420, 201 Pac. 711.) Appellants take the
stand that respondent should have delivered his notes and
mortgages, and the escrow-holder turn over to them the
$3,000 deposit in exchange for a deed the covenants of
which are breached immediately after delivery. It was
held in *Boyd v. Boley,* 25 Ida. 584, 139 Pac. 139, that
''where under a contract to convey real property by good
and sufficient warranty deed, vendor insists upon vendee
taking a doubtful title, vendee is at liberty to rescind the
contract and demand the repayment of the money paid

on the purchase price.'' To the same effect is *Bell v. Stadler,* 31 Ida. 568, 174 Pac. 129.

In *Lemle v. Barry,* 181 Cal. 6, 183 Pac. 148, it is said that where a deed is to be made upon payment of the purchase price, or the giving of notes and mortgage, the vendee is not in default until the vendor has tendered such deed. And in *Kessler v. Pruitt,* 14 Ida. 175, 92 Pac. 965, that rule is extended to cover those cases in which time is made of the essence, but in which one party has treated the contract as still subsisting notwithstanding the other's default. Even if time be considered as of the essence in the present case, and the vendee here was in default in not depositing in escrow his notes and mortgages, nevertheless the vendors treated the contract as being still effective, and neither party could have put the other in default without a tender of performance. There had been no tender of substantial performance by the sellers, and the contract was therefore in force up to the time of a conversation held in February, 1921, between appellant Samuel M. Jarvis and the respondent. Respondent testifies that said appellant in such conversation stated to him that the sellers could not comply with the contract, could get no loan, could not do anything, could not get the papers straightened out so that he could give respondent title. We think this was enough to justify respondent in rescinding the contract and demanding the return of his deposit, and on this showing respondent was entitled to judgment of rescission without performance or tender of performance by him. The finding of the court in favor of respondent is made upon conflicting evidence, but there is sufficient evidence, if uncontradicted, to support the same.

The respondent took possession of the personal property in January, 1920, and returned certain of it to the sellers in April, 1921. There is conflicting evidence both as to the value and amount of the personal property delivered and redelivered. Appellants seek to predicate error upon the finding of the court that prior to the time demand was made for the return of the real and personal property and dur-

ing the time the same was in respondent's possession, certain of the livestock died and certain of the other personal property was lost, destroyed or converted by respondent, for which reasons the respondent was unable to, and did not, deliver to the sellers personal property received by him of the value of $1,040. It is insisted by the appellants that the evidence required a finding that personal property to a much greater value was not redelivered to the sellers. The trial court's finding is made upon conflicting evidence, but it has sufficient evidence to support it, and we are therefore not disposed to disturb the same.

The sellers at the time of the trial amended their cross-complaint so that it asked damages for the use and occupation of the property during respondent's possession. The court in finding XV found that the reasonable value of the use of the real and personal property during the time the same was in possession of the respondent equalled the interest on the money deposited in escrow in the Lemhi Valley Bank, and that the one offset the other. This finding is not supported by the evidence, is not sufficiently specific, and a judgment based thereon cannot be upheld. It was the duty of the court to find the period of time over which respondent would be liable for the reasonable value of the use and possession of the property, real and personal, and the reasonable value of such use and possession. In allowing respondent interest on the $3,000 deposited in escrow as an offset against the items due the sellers the court should have stated the amount of such interest and for what period it was allowed.

Appellants also insist that the court erred in finding that the wool sheared from the sheep was delivered to the sellers and paid a note for $200 given by respondent to the sellers for money advanced by the sellers for the expense of shearing the sheep. This finding is supported by evidence to the effect that respondent went to the sellers regarding the shearing of the sheep, and an arrangement was entered into whereby the sellers were to advance upon respondent's note the sum of $200 for shearing expenses, and that the

wool sheared should be consigned under the sellers' direction, and thereupon the note would be returned to the respondent. The agreement was carried out, and the court properly adjudged that the note should be returned to the respondent.

Objection is made to the form of the judgment entered in that it directed the Lemhi Valley Bank to pay out of the $3,000 escrow deposit the sum of $1,960 to the respondent and $1,040 to the sellers. The judgment should be amended so as to award judgment in favor of the buyer against the Lemhi Valley Bank for the sum of $3,000, and in favor of the sellers against the buyer for the sum of $1,040, plus such amount as is allowed the sellers for the reasonable value of the use and occupation of the real and personal property, and less the interest allowed the buyer on the $3,000 deposit; execution to issue on demand of the respective judgment creditors.

It is also insisted on behalf of appellant Lemhi Valley Bank that the court erred in awarding judgment for costs in favor of the respondent against it and the sellers, jointly. The latter parties defended jointly against the plaintiff in this, a case where the escrow-holder had no personal interest in the money deposited with it, and no right to withhold the same as against the party, whether buyer or sellers, lawfully entitled thereto. Under such circumstances we are not inclined to hold that the court committed error in rendering judgment for costs against the sellers and the escrow-holder jointly.

Other errors are assigned, but we deem that they have been disposed of by this opinion, or that their consideration is not required.

The cause is remanded, with directions to the court below to amend its findings and judgment in accordance with the views herein expressed. The parties to this appeal are to bear their own costs.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.