(No. 4779. June 25, 1927.)

DON C. RICHARDS, Respondent, v. SAMUEL M. JAR-
VIS, ELLEN F. JARVIS, THE LEMHI VALLEY
BANK, a Corporation, E. W. PORTER, in His Official
Capacity as Commissioner of Finance of the State of
Idaho, and LLOYD ADAMS, in His Official Capacity
as Liquidating Agent of the Department of Finance of
the State of Idaho, Appellants.

[258 Pac. 370.]

APPEAL AND ERROR—LAW OF CASE ON REMAND—TRIAL—FINDING OF
RENTAL VALUE UNAUTHORIZED—JUDGMENT—EQUITY SUIT—OFFSET
OF PLAINTIFF'S JUDGMENT PERMISSIBLE.

1. The conclusions of the appellate court on first appeal,
when it remanded the cause with directions to the trial court
to amend its finding and judgment in accordance with the views
expressed in the opinion on appeal, in other respects affirming
the judgment, established the law of the case for the guidance
of the trial court.

2. A finding of $1,200 rental value is unauthorized; the only
evidence being the testimony of one that a reasonable rental
value was $2,000, and of another that it was $2,800.

3. Court, in suit in equity, can permit defendant bank to
offset the judgment in favor of plaintiff against it with the
judgment in favor of defendant J. against plaintiff, where J.
had already received credit from the bank for an amount in
excess of his judgment against plaintiff.

APPEAL from the District Court of the Sixth Judicial
District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Defendants appeal from judgment entered after decision
on former appeal directing district court to amend its find-

Publisher's Note.

1. See 2 R. C. L. 289.
3. See 15 R. C. L. 823.

See Appeal and Error, 4 C. J., sec. 3265, p. 1213, n. 83, p. 1215,
n. 85.
Judgments, 34 C. J., sec. 1086, p. 706, n. 95.
Trial, 38 Cyc., p. 1967, n. 92.

ings and judgment in certain particulars stated. *Affirmed*
in part and *reversed* in part.

E. H. Casterlin and Whitcomb & Cowen, for Appellants.

"A decision of the supreme court on appeal established
the law of the case for the guidance of the trial court, and
for the purpose of a subsequent appeal." (*Gerber v.
Nampa & Meridian Irr. Dist.*, 19 Ida. 765, 116 Pac. 104;
4 C. J. 1213, notes 83–86.)

"A decision by the appellate court upon a point dis-
tinctly made and essential to its determination upon a pre-
vious appeal is in all subsequent proceedings in the same
case a final adjudication from the consequences of which the
court cannot depart." (*Hall v. Blackman*, 9 Ida. 555, 75
Pac. 608; *Ryan v. Rogers*, 14 Ida. 309, 94 Pac. 427; *Brinton
v. Johnson*, 41 Ida. 583, 240 Pac. 859.)

"On remand the trial court was without authority to
modify the findings and judgment in any way, except as
directed by the appellate court." (2 R. C. L. 289; *Cowdery
v. London & S. F. Bank*, 139 Cal. 298, 96 Am. St. 115, 73
Pac. 196; *Mountain Home Lbr. Co. v. Swartwout*, 33 Ida.
737, 197 Pac. 1027; 4 C. J. 1221, secs. 3271 and 3272.)

Under the mandate of the supreme court, the trial court
was without authority and exceeded his jurisdiction in per-
mitting plaintiff to file a supplemental complaint, and grant-
ing what, in effect, amounted to a rehearing, (4 C. J. 3273
and 3274.)

The allegations in the supplemental complaint are insuffi-
cient to permit plaintiff to recover a specific trust fund.
(*Roncelli v. Fugazi*, 44 Cal. App. 240, 186 Pac. 373.)

"In order that the suit might be regarded as one in equity
to recover a specific trust fund, it was necessary for the
plaintiff to have alleged that the identical trust property, or
its substituted new form, was traceable into the estate of
Fugazi, and thus into the possession of his representatives."
(*Mix v. Yoakum* (Cal. App.), 248 Pac. 705.)

There are no allegations that the money was traced into
the cash funds nor into any of the assets of the bank, and

continuously remained there. (*Board of Commissioners of Crawford Co. v. Strawn,* 157 Fed. 49, 15 L. R. A., N. S., 1100; *Shute v. Hinman,* 34 Or. 578, 56 Pac. 412, 58 Pac. 882, 47 L. R. A. 265.)

There is no allegation that the trust fund even came into the hands of the liquidating agent, or in any way increased or benefited the assets of the bank. (*Burke v. Maguire,* 154 Cal. 456, 98 Pac. 21.)

When fraud has been proven on the part of a trustee, a beneficiary must trace his fund without legal presumption, for fraud does not create equities superior to those of the general creditors. (*Stilson v. First State Bank,* 149 Iowa, 662, 129 N. W. 70.)

L. E. Glennon, for Respondent.

"By the well-settled doctrines of equity, a constructive trust arises whenever one party has obtained money which does not equitably belong to him, and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it." (*In re Northrup,* 152 Fed. 763; *Bank of Williston v. Alderman,* 106 S. C. 386, 91 S. E. 296.)

Where property has been wrongfully appropriated or converted into a different form of property a constructive trust arises by operation of law for the benefit of the true owner. (Pomeroy's Eq. Jur., 4th ed., sec. 1051; *Pennell v. Deffell,* 4 De Gex, M. & G. 372, 43 Eng. Reprint, 551; *Bellevue State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816.)

"The fact that improper procedure was followed to arrive at the correct result does not justify reversing the judgment." (*Bowman v. Bohney,* 36 Ida. 162, 210 Pac. 135.)

"Under contracts of sale the right to or accountability for rents and profits as between vendor and purchaser frequently depends so largely upon the facts and circumstances of the particular case and the consideration of other claims existing between the parties that it is difficult to lay down general rules upon the subject." (39 Cyc. 1628; *Atchison Street R. Co. v. Chicago & W. R. Co.,* 162 Ill. 632, 44 N. E.

823, 35 L. R. A. 167; *Williams v. Wilson,* 4 Dana (Ky.), 507; *Bartlett v. Blanton,* 4 J. J. Marsh. (Ky.) 426.)

It seems to be well settled that in an action at law the vendor is not entitled to recover rental. (*Ankeny v. Clark,* 148 U. S. 345, 13 Sup. Ct. 617, 37 L. ed. 475.)

Another modification of the rule holding the purchaser for use and occupation has been made by some courts to the effect that, where he is not in default, the liability for rent does not begin to run until demand is made upon him for possession. (*Kerns v. Dean,* 77 Cal. 555, 19 Pac. 817; *Hannan v. McNickle,* 82 Cal. 122, 23 Pac. 272.)

BUDGE, J.—This cause is here on appeal for the second time, and reported at 41 Ida. 237, 238 Pac. 887. Reference may be had to the former opinion for a complete statement of the facts and a determination of the issues there involved. The cause was remanded with directions to the trial court to amend its findings and judgment in accordance with the views expressed in the original opinion. In other respects the judgment of the trial court was affirmed. In the original opinion this court directed the trial court to amend its findings and judgment and enter judgment in favor of Richards against the Lemhi Valley Bank for the sum of $3,000; find the reasonable value of the use and occupation of the real and personal property during the period of use and occupation thereof by Richards, deducting from the amount so found interest on the $3,000, and add the difference to $1,040, allowed appellants Jarvis for personal property delivered to Richards but not returned, as judgment in favor of appellants Jarvis against Richards.

[1] The conclusions of this court upon the first appeal established the law of the case for the guidance of the trial court and should have been followed. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Gerber v. Nampa etc. Irr. Dist.,* 19 Ida. 765, 116 Pac. 104; *Mountain Home Lbr. Co. v. Swartwout,* 33 Ida. 737, 197 Pac. 1027; *Brinton v. Johnson,* 41 Ida. 583, 240 Pac. 859.)

Upon the going down of the original opinion a further hearing was had, the parties stipulating that the Lemhi Valley Bank had become insolvent and was taken in charge by the commissioner of finance and a liquidating agent, and that said commissioner of finance and liquidating agent were necessary parties to the action. It was also stipulated that the entire record of the cause as furnished to this court on the first appeal, as well as all facts contained in the stipulations of the parties, be considered by the court in reaching a decision, no further oral evidence being taken. While it may have been proper, therefore, in view of the parties' stipulation, to make the commissioner of finance and the liquidating agent of the bank parties defendant, for the purpose of proceeding against the bank to satisfy any judgment against it, there are allegations in the supplemental complaint totally foreign to the questions involved in the original cause. No objection to the filing of the supplemental complaint was made in the trial court, but it is urged here that said supplemental complaint does not state facts sufficient to constitute a cause of action. We are of the opinion that the supplemental complaint is subject to this objection, which being true the supplemental complaint and answer and affirmative defense thereto are not here for consideration; and it follows that judgment entered on the supplemental complaint must fail.

[2] Appellants complain of the action of the court in fixing the rental value of the real and personal property at $1,200, for the reason that there is no evidence to support a finding in such amount, and that it is contrary to the uncontradicted evidence. The only evidence appearing in the record as to the rental value of the property is that such value was $2,800 or $2,000, it being testified by one Allhands, a former official of the Lemhi Valley Bank, that a reasonable rental value was $2,000, and appellant Jarvis testifying that it was $2,800. The evidence would therefore be wholly insufficient to support the conclusion of the trial court that such value was only $1,200. The smallest amount fixed as a reasonable rental value, under the evi-

dence, was $2,000, and judgment should have been entered for appellants Jarvis in that amount, plus $1,040, the value of personal property not returned by Richards, less interest on the $3,000 deposit.

The trial court found that interest on the $3,000 deposited in escrow in the Lemhi Valley Bank by Richards was $210, which finding is supported by the evidence, and said amount should be deducted from the $2,000 determined to be the reasonable value of the use and occupation of the real and personal property.

The trial court was without authority under the directions to it in the original opinion to change or alter its findings or judgment touching the matter of the value of the personal property not returned by Richards, or to deduct from the rental value any other amount or amounts than interest on the $3,000, such matters having been definitely and finally determined in the original opinion.

Judgment should, therefore, be entered in favor of appellants Jarvis and against Richards in the sum of $2,830.

[3] The parties stipulated that at the time of the deposit of the $3,000 in the bank by Richards, Jarvis was indebted to the bank in an amount largely in excess of that sum, and that the said $3,000 was applied by the bank toward the payment of his indebtedness. In the present judgment before us, the court directed that judgment in favor of Jarvis and against Richards be used by the bank to the full extent and face value thereof as an offset against or in liquidating judgment in favor of Richards against the bank. In view of the foregoing stipulation of the parties we are not disposed to disturb such part of the judgment. (*Mecham v. McKay*, 37 Cal. 154.) This is a suit in equity and not an action at law, and, in view of the stipulation of the parties, it was within the power of the court to permit the bank to offset the judgment in favor of Richards against it with the judgment in favor of the Jarvises against Richards, in the manner indicated, since Jarvis had already received credit from the bank for an amount in excess of his judgment against Richards. This would reduce Rich-

ards' judgment for $3,000 against the bank in the sum of $2,830, the amount due appellants Jarvis from Richards, and Richards should have judgment against the bank for the balance.

Except as herein modified, the judgment is affirmed, and the court is directed to amend its findings and judgment in accordance with the views herein expressed. No costs allowed either of the parties on this appeal.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

TAYLOR, J., Concurring Specially.—This cause was remanded, the judgment to be amended so as to award a judgment in favor of Jarvis against Richards "for the sum of $1,040, plus such amount as is *allowed* the sellers for the reasonable value of the use and occupation of the real and personal property, and less the interest . . . . " On the second hearing, the court fixed the rental value at $1,200. Assuming it should have been $2,000, yet Jarvis, in his cross-complaint, admitted the receipt of 40 ewe lambs and 31 wethers, which he valued at $6 and $5, respectively, a total of $395, which he specifically admitted was a credit upon any sum claimed and found as the reasonable rental value. The court credited Richards with $355, "the value of 71 lambs worth $5 per head," turned over to Jarvis, being products and issue of the farm "not taken into consideration by me in fixing the value of the personal property not turned back at the time of rescission of the contract." The former finding was explicit that the $1,040 was the value of specific property received and not returned, and hence, as disclosed by the later finding, the $355, value of the increase, was not considered in fixing the $1,040 damage.

I concur in the decision herein, except that the amount of Jarvis' judgment should be reduced by $355.

Petition for rehearing denied.