(No. 5470. October 8, 1929.)

E. W. PORTER, in His Official Capacity as Commissioner of Finance of the State of Idaho, and W. LLOYD ADAMS, in His Official Capacity as Liquidating Agent of the Department of Finance of the State of Idaho, Plaintiffs, v. RALPH W. ADAIR, Judge of the District Court of the Sixth Judicial District of the State of Idaho, Defendant.

[282 Pac. 379.]

E. H. Casterlin and E. W. Whitcomb for Plaintiffs.

L. E. Glennon, for Defendant.

GIVENS, J.—Plaintiffs sued for a writ of mandate to compel the district court, wherein was pending an action between Don C. Richards and Samuel W. Jarvis et al., to strike a certain portion of a judgment there entered, as follows:

"That there should be stricken from the judgment finally entered by the court below, a copy of which is marked

'Exhibit B' the following words appearing in the second paragraph thereof, to wit:

"'E. W. Porter in his official capacity as Commissioner of Finance of the State of Idaho and Lloyd Adams in his official capacity as Liquidating Agent of the Department of Finance of the State of Idaho' and that there should be stricken from the third paragraph of the same instrument the words 'all the defendants' and substituted therefor the words 'said defendant'. and that the word 'defendants' appearing in the second paragraph of said instrument should be made to read 'defendant' and that there should be added to said judgment an order dismissing said action as to these petitioners."

Defendant resists the writ, urging that mandate will not lie and that the judgment as entered was correct.

 Mandate will lie to a judge of the district court to compel the entry of a judgment as a ministerial act, not requiring the exercise of judicial discretion. (*Lawrence v. Terrell*, 41 Ida. 205, 238 Pac. 1072.)

 From the previous opinions rendered in this cause (*Richards v. Jarvis*, 41 Ida. 237, 238 Pac. 887; Id., 44 Ida. 403, 258 Pac. 370), it is apparent that the Lemhi Valley Bank was merely a stakeholder. In *Richards v. Jarvis*, 41 Ida. 237, 238 Pac. 887, the court said:

"It is also insisted on behalf of the appellant Lemhi Valley Bank that the court erred in awarding judgment for costs in favor of the respondent against it and the sellers, jointly. The latter parties defended jointly against the plaintiff in this, a case where the escrow holder had no personal interest in the money deposited with it, and no right to withhold the same as against the party, whether buyer or sellers, lawfully entitled thereto. Under such circumstances we are not inclined to hold that the court committed error in rendering judgment for costs against the sellers and the escrow holder jointly."

The judgment from which the appeal was taken in *Richards v. Jarvis*, 44 Ida. 403, 258 Pac. 370, provided (so far as material) as follows:

"That the plaintiff have and recover from the defendant, the Lemhi Valley Bank, the sum of Three Thousand Dollars, together with interest on said sum at the rate of seven per cent per annum from the 28th day of April, 1921; and that the same is a preferred claim against said Bank and the defendants, E. W. Porter and Lloyd Adams, acting in their respective official capacities, and their successors in office be, and they are hereby required to allow and pay the same as a preferred claim in class two as defined by Section 77, Chapter 133, Session Laws 1925."

This judgment except as to the amount thereof against the Bank was affirmed (*Richards v. Jarvis*, 44 Ida. 403, 258 Pac. 370) as follows:

"Except as modified herein, the judgment is affirmed, and the court is directed to amend its findings and judgment in accordance with the views herein expressed. No costs allowed either of the parties on this appeal."

The only act remaining to be done by the trial court was therefore to do as he has done herein, that is, enter the proper amount of the judgment.

The temporary writ heretofore issued is quashed.

Costs awarded to defendant.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.