### EVAN LOVETT AND ANOTHER v. ORSON CASEY AND ANOTHER.

Commissioners appointed by the Governor to take acknowledgments of deeds, &c., in other States, have authority to take and certify the answers of a party to a suit, to interrogatories propounded by the adverse party.

See this case as to the construction of Statutes.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

*Everett Lewis*, for plaintiffs in error.

*Parker & Nichols*, for defendants in error.

LIPSCOMB, J. The only error assigned is, that appellees were permitted to read in evidence the answers to the interrogato-

ries propounded to them by the appellants.   The answers
to those interrogatories were sworn before a Commissioner
appointed by the Governor of this State, for the State of Louis-
iana, and were by him authenticated.   The appellant relies on
the 84th Section of District Court Act of 13th May, 1846,
(Art. 739 Hart. Dig.), which directs that when answers to in-
terrogatories are sworn to out of the State, they shall be
sworn to before some Judge of a Court of Record, and have
the certificate of such Judge, authenticated with the seal of
the Court.   By the Act of 8th May, 1846, the Governor is
authorized to appoint Commissioners in the several States and
in the District of Columbia, to take acknowledgment of deeds,
depositions, and other instruments of writing executed.   This
is the substance of the caption of the Act.   The first Section of
the Act is confined to deeds and acknowledgments of lands,
tenements and hereditaments, lying and being in the State.
The third Section gives " authority to the Commissioner to ad-
" minister an oath or affirmation to any person who shall be
" willing and desirous to make such oath or affirmation before
"him ; and such affidavit or affirmation, made before such
" Commissioner, shall be, and is hereby declared to be, as good
" and effectual, to all intents and purposes, as if taken by an
" officer in this State competent to take the same."

   The fifth Section provides " that every Commissioner, ap-
" pointed under this Act, shall have power and authority to
" take depositions, under a commission issued to him according
" to law, from any Court in this State, to be used as evidence
" in any cause, pending in a Court of the same when returned
" as prescribed by law."

   It is evident that under this fifth Section, the Commissioner
for Texas could execute a commission and take the evidence of
witness named in the commission ; but then he is required, in
such cases, to return the commission in the same way, duly au-
thenticated, as the law requires in ordinary cases of evidence
taken by commission.   It does not appear that any commission

was sent to him, and perhaps the law never contemplated taking the answer of plaintiff or defendant to interrogatories propounded, by commission. The authentication would not be sufficient under the fifth Section.

But we believe, that under the third Section, the answers were properly and legally verified by the Commissioner.

Suppose these answers had been sworn to before any person in the county where the suit was pending, with the verification in the form used, leaving out Commissioner for the State of Texas, there can be no doubt that such verification could not be questioned. Then, under the third Section, when taken before the Commissioner, they are to be as good and effectual to all intents and purposes as if sworn to before the former.

The provision in the Act regulating the District Court practice, for swearing to the answers of parties to the suit, to interrogatories propounded, requires some notice. The two Acts went into effect on the same day, and both must be re garded as equally valid. If it can be done, we are bound to construe them in such a way as to sustain both. We believe that this can be done, and that there is really no conflict in them. They are both capable of being sustained. In many places it may not be in the power of a party wishing to swear to his answers, to have access to a Commissioner. There may be none in the State ; or may be so remote from the party, that it would be exceedingly inconvenient to swear to the truth of the answers before him : in such cases, he can swear to them before some Judge of a Court of Record, who shall certify the same, under the seal of his Court. We believe that the verification of the oath to the answers, in either way, would be good and valid, whether before a Judge of a Court of Record, or before a State Commissioner.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.