Rio Grande & Eagle Pass R. R. Co. v. The Milmo National Bank.
No. 2593.

1. **Evidence—Copy of Patent from County Record.**—A certified copy of a patent taken from the county land records is subject to the same rules as to its competency as are copies of instruments duly recorded (Revised Statutes, 2257), save when offered to show a common source of title, as provided in Revised Statutes, 4802.

2. **Same.**—The admission of a copy of a recorded patent taken from the county land register to prove title in behalf of the party offering it is reversible error where objection is made to its introduction and the statute was not complied with. Rev. Stats., 2257.

.Appeal from Webb.   Tried below before Hon. Jno. C. Russell.
The opinion states the case.

*McLane & Atlee*, for appellant.—A copy of a patent taken from the county records is not admissible when objected to for the non-production of the original; and though such certified copy may be admitted to prove a common source of title, yet upon failure to make proof of such common source it is error to consider such certified copy as evidence of title in plaintiff over defendant's objections. Rev. Stats., art. 4802, 1 Greenl. Ev., 82.

*J. O. Nicholson*, for appellee.—1. Appellant having by the written agreement admitted a common source of title and agreed that appellee might use certified copies without accounting for the non-production of the originals for the purpose of showing such common source, the certified copy of the record of the patent from the State of Texas to the city of Laredo was clearly admissible under said agreement, as the same in connection with the other evidence introduced connected appellee with the sovereignty of the soil, which was under the terms of said agreement sufficient to show such common source.

2. The evidence shows that the appellee derives title by regular chain of conveyance from the sovereignty of the soil down to itself; this makes a prima facie case in favor of appellee and shifted the burden of proof on appellant to disprove appellee's case or to show a superior title in itself. Keys v. Mason, 44 Texas, 142–3.

STAYTON, CHIEF JUSTICE.—This action was brought by Daniel Milmo against appellant to recover block No. 224 in the city of Laredo. The Milmo National Bank intervened and asserted title to the property.

Daniel Milmo offered in evidence:

1. Deed to the block from A. C. Hunt to W. W. Hungerford, dated April 19, 1883.

2. Deed from Hungerford to himself, dated July 3, 1883.

The Milmo National Bank offered in evidence:

1. Deed from W. W. Hungerford by trustee Nicholson to itself for the block, dated June 21, 1884.

2. Deed of trust to Nicholson made by Hungerford, of date April 27, 1883, empowering his trustee to sell, under which the deed above named was made.

3. Deed from A. C. Hunt to W. W. Hungerford, same offered by Daniel Milmo.

4. Deed from Raymond Martin to A. C. Hunt, dated September 3, 1882.

5. Deed from city of Laredo to Raymond Martin, dated June 2, 1880.

6. Certified copy from the county records of patent from the State to city of Laredo for land embracing the block in controversy and dated July 18, 1884.

The defendant offered no evidence of title, but when the certified copy of patent was offered objected to its introduction because secondary evidence and not admissible without the non-production of the original was accounted for. This objection was overruled and the copy of the patent received and considered in evidence for all purposes.

It further appears that the intervenor offered the copy of patent for the purpose of showing chain of unbroken title from the sovereignty of the soil as well as common source, and that it was admitted under a written agreement, signed by counsel of the respective parties, that certified copies of named deeds might be used as could the originals if properly filed and notice thereof given. The patent, however, was not one of the instruments named, but it is claimed that under a clause in the agreement, as follows, "Also that the filing and notice by plaintiff intervenor to defendant of certified copies as a predicate to show a common source of title is hereby waived and no objection thereto will be made by reason of the want of notice and failure to file," the certified copy of patent was admissible.

A judgment was rendered in favor of the bank, and from that this ap-

peal is prosecuted.   As appellant gave no evidence of title no common
source of title was shown, and the question is, did the court err in admitting and considering as evidence of title in appellee the certified copy of
the patent?

In Ney v. Mumme, 66 Texas, 268, it was held that a copy of a patent
certified from the General Land Office was admissible as evidence in any
case in which the patent would be, and so without the predicate necessary before secondary evidence can be received.   It does not follow from
this however that a certified copy taken from the record of deeds of a
county is entitled to be introduced under rules other than would be applicable to any other instrument authorized or permitted by law to be
recorded.

A patent may be recorded without further evidence of its authenticity
than the law requires to appear upon its face, but when recorded certified copies taken from the record stand upon the same footing as to admissibility in evidence as do certified copies of other instruments properly
admitted to record.

To authorize the admission of the certified copy of the patent over the
objection of appellant it should have been shown by appellee that the
patent had been lost, or that it could not procure it, even if the agreement could be construed to apply to any evidence offered for the purpose
of connecting appellee with the sovereignty of the soil.   Rev. Stats.,
art. 2257.

The agreement was doubtless made in view of article 4802, Revised
Statutes, which seems to dispense with proof of inability of a plaintiff to
produce original deeds or other papers to show that a defendant claims
under a common source, and only to require where certified copies of papers
under which a defendant claims are used for the purpose of showing that
both parties claim under common source that such certified copies shall
be filed and notice thereof given.

This was waived by the agreement as to all certified copies introduced
solely to show common source of title, but this did not authorize appellee
to offer in evidence a certified copy of the patent to show title in itself
over the objections made by appellant, without showing the facts required
by article 2257.

The court below evidently considered the certified copy of the patent
as offered sufficient to show in connection with the other evidence offered
title in appellee, and so acted upon it, for otherwise the judgment must
have been for appellant, on the ground that appellee neither deraigned
title from the sovereignty of the soil nor showed common source of title.

The certified copy of patent should not have been admitted for the
purpose for which admitted and used, and for this reason the judgment
will be reversed and the cause remanded.

It is not necessary now to consider the other assignments of error

further than to say that nothing appears in the record from which we can see that either of the propositions contained in them do affect the right of the parties to this appeal.

It is ordered that the judgment of the court below be reversed and the cause remanded.

*Reversed and remanded.*

Opinion January 22, 1889.