## NUNN *v.* ROBERTSON.

### Opinion delivered October 22, 1906.

1. INFANT—APPEARANCE—FILING ANSWER BEFORE SERVICE OF PROCESS.—A guardian is not authorized to enter the appearance of his infant ward by filing an answer before service of process on the latter. (Page 355.)

2. SAME—APPEARANCE BY REGULAR GUARDIAN.—Where an infant defendant has a regular guardian within the State, an appearance by the latter is sufficient, without having a guardian *ad litem* appointed. (Page 356.)

3. SAME—APPOINTMENT OF CURATOR.—If a minor residing without the State has an estate within the State, the probate court of the county wherein the estate, or any part of it, is situated may appoint a competent curator who may prosecute or defend suits in behalf of the ward. (Page 357.)

4. SAME—DOMICIL.—Where the father of an infant died a resident of this State, the domicil of the father remains that of the son, although he may reside elsewhere, until he reaches majority, or his domicil is changed by his mother if she survived his father. (Page 357.)

5. SAME—JURISDICTION OF PERSON.—Where an nonresident infant defendant was summoned by warning order, and his curator filed an answer in his behalf, setting up a substantial defense, the court had jurisdiction of his person. (Page 358.)

6. APPEAL—FILING OF MANDATE—NOTICE.—Notice of the filing of a mandate from the Supreme Court in the trial court is necessary only where a trial is demanded at the first term of the court after the reversal of the case. (Page 358.)

.7. CONSTRUCTIVE SERVICE—WHEN BOND REQUIRED.—The bond provided by Kirby's Digest, §6254, is required only in case of constructive service where there has been no appearance and no defense. (Page 358.)

8. MANDAMUS—ENFORCEMENT OF MANDATE.—Where the chancellor for an insufficient reason declined to obey the mandate of the Supreme Court in a cause, mandamus lies to enforce the directions of this court. (Page 359.)

Mandamus to Woodruff Chancery Court; *Edward D. Robertson,* Chancellor; writ awarded.

*J. F. Summers,* for petitioner.

1. The question as to notice of filing mandate and supplemental pleadings is settled by the facts that the cause was *continued* for *three* terms, and counsel for the guardian and executor filed an answer for all the defendants, including the minor. No *particular* notice is required. Kirby's Digest, § 6174.

2. The judgment in *Nunn* v. *Lynch,* 73 Ark. 20, is final; the directors to the lower court are specific; and there is nothing

for the chancellor to do but obey the mandate. The inferior court can not alter, review or modify the decree of the superior court, but all matters, even the jurisdiction, are finally settled. The decision of the Supreme Court is the law of *that case,* right or wrong. 5 Ark. 202; 14 *Id.* 523; 13 *Id.* 671; 29 *Id.* 185; 33 *Id.* 169; 56 *Id.* 170; 60 *Id.* 54; 3 How. 413; 20 *Id.* 542; 3 Pet. 193; 1 Wheat. 69-73; 7 *Id.* 58; 13 Wall. 668; 160 U. S. 247; 166 *Id.* 263; 148 *Id.* 228; 19 Am. & Eng. Enc. Law (2 Ed.), 848; 13 Enc. Pl. & Pr. 537-592, 593.

3. A warning order was properly published for the minor, and the court acquired jurisdiction of the cause. No guardian *ad litem* was necessary, the regular guardian defending for him. 40 Ark. 47. The minor was also represented by his curator, who is authorized to prosecute or defend for a minor, and who was served with process. Kirby's Digest, § 3770-1; 2 Stewart (Ala.), 220; 6 Munf. (Va.), 103-4.

4. There is no discretion to be exercised by respondent in this case; his duty is to obey the mandate; and, having refused, mandamus is the proper remedy.

5. As to the rents and damages, the lower court must exercise a discretion; and as the court refuses to exercise its discretion, petitioners are entitled to have the machinery of the court put in motion. 9 Ark. 242; 3 *Id.* 427; 6 *Id.* 422, 437; 35 *Id.* 301; 73 *Id.* 163. Rents follow a recovery of land as a matter of course. 16 Ark. 183, quoting 8 Wheat 1.

*Campbell & Stephenson* and *P. R. Andrews,* for respondent.

1. The sole question presented is whether the chancery court ever acquired jurisdiction of the non-resident minor. This question this court has never passed upon, and had no occasion to pass upon. When the case was remanded with directions, it was only as to those who were properly before the court, not third parties who were never subject to its jurisdiction. 26 Ark. 491; 84 Fed. 532; 13 Pet. 373; 134 U. S. 675; 9 Wallace, 175. These cases clearly show that the chancery court had the power and right, upon the filing of the mandate, to judicially determine whether it had jurisdiction of the minor. No decree can be rendered against an infant until he is served with process, and an answer is filed by guardian. 40 Ark. 66; 39 *Id.* 61; *Ib.* 233.

2. Mandamus does not lie where there is a remedy by appeal or error. 8 Ark. 424; 26 *Id.* 510; 25 *Id.* 614. Nor to control the exercise of judicial functions. 44 *Id.* 317. No defense for the minor was ever made by the guardian. He represented himself as guardian, not the minor. 52 Ark. 89. Lynch could not appear for the minor until the minor was served with process. 39 Ark. 106. Nor was any bond filed as required by law. 40 Ark. 124.

3. As to rents and damages, evidence was taken to sustain plaintiffs' claim as set up in their complaint, and in their answer defendants set up claims for betterments, taxes, etc., and took depositions on this issue, which was submitted to the court below, and to this court on appeal. Being a chancery case, it was before this court upon the whole record for hearing *de novo*. This court found for plaintiffs as to the land, but refused to assess any damages. The matter is *res judicata*.

4. In any matter where the chancery court has discretion to exercise, this court will not control by mandamus. 3 Ark. 427; 27 *Id.* 116; 34 *Id.* 394; 35 *Id.* 298; 8 *Id.* 424. See, also, 26 *Id.* 482, 510.

HILL, C. J. This is a petition of J. M. Nunn and others for a mandamus to require Honorable Edward D. Robertson, as chancellor in the Woodruff Chancery Court, to render a decree in favor of the petitioners against Fred Becton and other defendants in a case determined in this court, wherein these petitioners were the appellants and Lynch, as guardian of said Becton, and the said Becton and others were appellees, which case was reported as *Nunn* v. *Lynch,* 73 Ark. 20.

The response of the chancellor sets forth fully and in detail a history of the litigation, and says that no notice of the filing of the mandate appears to have been given the defendant, Fred Becton, and no bond was filed as required by section 6254 of Kirby's Digest. These were not the grounds for a refusal to enter the decree, but the reason thereof is thus stated in the chancellor's response:

"The chancery court on its own motion found from inspection of the record that the said Fred Becton was and had been during the progress of the suit a minor and a non-resident of the State of Arkansas; that the warning order had been properly

80—22

published against him, but that no guardian *ad litem* had been re-
quested by the plaintiffs or appointed by the court; and that no
defense had been made for him as required by law.  It there-
fore denied the motion for a decree on the mandate and on the
amended or supplemental bill, and made an order continuing the
cause with leave to the plaintiff to have a guardian *ad litem* ap-
pointed.  As the court was unwilling to decide the cause piece-
meal, it continued the case as to all the parties."

It is doubtful whether the chancellor, even when there was
a lack of jurisdiction of a person, had a right to open that ques-
tion, and be permitted to go back to the original record and de-
termine a matter which was apparently determined by this court.
The opinion in this cause states that the litigation was "a contest
between the heirs at law of Sallie A. Becton and the devisees of
John W. Becton over a tract of land in Woodruff County."
The record showed that the minor, Fred Becton, was one of the
two devisees in the will of John W. Becton, and therefore he was
as much designated as a party to the contest as if he had been
mentioned by name in the opinion.  The reversal of the case was
on the ground that the chancery court erred "in finding for the
defendants and in dismissing the plaintiffs' action for want of
equity."  Turning to the record of the judgment which was
reversed, it is found in the essential part to read as follows:

"Upon consideration of the whole record herein and the
arguments of counsel, the court finds that there is no equity in
the plaintiffs' complaint and amended complaint, and finds for the
defendants.  It is therefore considered by the court, ordered,
adjudged and decreed that this action be and the same is dis-
missed for want of equity, and that the defendants, R. C. Lynch,
as executor, Kate W. Becton and Fred B. Becton, do have and
recover of and from the plaintiffs, J. M. Nunn (and naming
twenty-four others)," etc.

The order of this court was that there be a judgment entered
in favor of said plaintiffs against said defendants.  This neces-
sarily included the defendant for whom judgment had been ren-
dered by name in the decree appealed from.  Therefore it is plain
that the court in its opinion and judgment directed a decree to be
entered against the minor, Fred Becton.

As stated, it is doubtful whether it was open to the chancery

court to inspect the record for the purpose of ascertaining whether or not this court erred in assuming jurisdiction of Fred Becton, for the court did assume jurisdiction of him. However, it would not do to determine this case upon that theory, for the court is satisfied that it did have jurisdiction, and will put the decision on that ground, and not determine the abstract question (which has been argued) whether or not a trial court can refuse to enter judgment according to a mandate when it finds the appellate court erred in assuming jurisdiction of a party.

The facts in regard to Fred Becton's appearance in the case are briefly these: An ejectment suit was brought in the Woodruff Circuit Court by the Nunns, who were heirs at law of Sallie A. Becton, against R. C. Lynch, as executor, and Kate W. Becton, as executrix, of the last will and testament of John W. Becton, Fred Becton, a minor, and R. C. Lynch, as guardian of Fred Becton. Service was had upon all of the defendants except Fred Becton, and before any service was obtained upon Fred Becton two answers were filed, a joint answer by R. C. Lynch, executor, and Kate W. Becton, executrix, and the other by R. C. Lynch, as guardian of Fred Becton. At this time Fred Becton was not properly before the court, notwithstanding which his guardian filed the answer as aforesaid. This answer was not an appearance. *Freeman* v. *Russell,* 40 Ark. 56. Subsequent to this an affidavit was filed, stating that Fred Becton was a nonresident of the State of Arkansas. Proper warning order was issued, published, and proof of publication filed. The Nunns filed an amended complaint, and thereupon the defendants filed motion to transfer the cause to equity, and by consent it was transferred to the Woodruff Chancery Court. While the case was pending in the chancery court, the defendants, R. C. Lynch and Kate W. Becton, as executors of the will of John W. Becton, Fred Becton, a minor, and R. C. Lynch, as guardian of Fred Becton, filed their joint answer to the complaint and amended complaint, in which this appears:

"Reiterating the defenses and allegations set forth in the separate answers filed in the Woodruff Circuit Court in this cause on the 22d day of August, 1900, on behalf of the executors of the last will and testament of John W. Becton and of the minor heir of John W. Becton, and his guardian, R. C. Lynch,

state the following:" etc., and proceed to deny all the allegations of the complaint, and to set up title in the devisees of John W. Becton, one of whom was the minor, Fred Becton. Upon these pleadings and further pleadings traversing all new matter alleged, the suit progressed to decree, which was appealed from, and which was reversed.

The evidence showed that John W. Becton, the father of Fred Becton, was a citizen and resident of Woodruff County, and died there, leaving Fred Becton, an infant of tender years, as his only living child. It was also in evidence that R. C. Lynch was appointed the guardian of said minor by the probate clerk of Woodruff County, and letters of guardianship duly issued to him, which were introduced. He made defense for the minor after his appointment as guardian. It was not necessary to have a guardian *ad litem* appointed in this case. The statute provides that the defense of an infant must be by his regular guardian, or by guardian appointed to defend for him where no regular guardian appears, or where the court directs a defense by a guardian appointed for that purpose. No judgment can be rendered against an infant until after a defense by a guardian. Kirby's Digest, § 6023; *Moore v. Woodall,* 40 Ark. 42. There was a real defense made by the statutory guardian here, and he filed an answer in behalf of his ward after his ward had been properly served constructively, and expressly adopted an unauthorized answer which he had previously filed.

It is argued that these answers were in behalf of R. C. Lynch as guardian of Fred Becton, and not answers in behalf of the minor. But that position is untenable. Lynch and Mrs. Becton filed answer in their capacity as executors, and then Lynch filed a separate answer solely in his capacity as guardian and in behalf of his minor and not in behalf of himself in regard to his duties as guardian, but in assertion of the rights of the ward as one of the owners of the property in suit.

These answers make it too plain for doubt that Lynch was answering and did answer in behalf of his ward, and not merely a personal answer touching his own relation to the land by reason of his guardianship. He denied all claims of the plaintiffs to the property as against his ward, and made an active defense

in behalf of his ward as the owner of the lands, a defense so forcible that it succeeded in the chancery court.

It is argued that the record shows a condition impossible to support jurisdiction; that Lynch was guardian in Woodruff County of the minor defendant, and the minor defendant was shown to be a non-resident, and was proceeded against as such. But there is no inconsistency between these positions. It is asserted in argument (and alleged in an answer after the remand of the case) that the minor, Fred Becton, was a resident of North Carolina, and has a guardian there, and it is argued therefrom that the appointment of Lynch as the guardian in Woodruff County was invalid, and he could not legally answer for Fred Becton; but that does not follow. It is provided by statute that, if a minor residing without this State shall have an estate in this State, the court of probate in the county where the estate, or any part of it, is situated shall appoint a competent person to be curator of the estate. Kirby's Digest, § 3771. There is no difference in the duty of curators and guardians in the prosecution and defense of suits in behalf of their wards. Section 3770, Kirby's Digest. Section 6023, Kirby's Digest, is from the Civil Code adopted in 1869, and section 3770, Kirby's Digest, is from act April 23, 1873, and, of course, if there is any inconsistency, the former must yield. Hence, if Fred Becton be treated as a non-resident of the State, as found by the chancellor, doubtless from the affidavit for warning order, the appointment of a curator or guardian of his estate was proper, and it was proper for his curator or guardian—the name under which he is called makes no difference—to make the defense for him which was made in this case.

But the evidence in this case shows indisputably that John W. Becton, the father of this infant, died a resident and citizen of Woodruff County. That fixed the status of the minor, and made him a citizen of Arkansas, notwithstanding he may have been residing elsewhere. This court has said:

"But the last domicil of the deceased father was in that district, and by reason thereof it was the legal residence of the minor son, John Rollinson, and, according to the general rule, so remained, and could not be changed or removed by his own act until he reached his majority (citing many authorities)."

*Young* v. *Hiner,* 72 Ark. 299. The domicil of the mother, if she be living after the father's death, determines the domicil of the minor. Rodgers on Dom. Rel. § 656. There is no evidence in this record showing change of status of the mother after death of the father. Hence the domicil of this minor, so far as this record shows, was in Woodruff County, and his status was fixed there by reason of the domicil of his father, and the fact that the minor was absent from his county or from his State would not change his status, and therefore there was no inconsistency in having a guardianship in Woodruff County for a minor whose legal status fixed his domicil in that county though he at the time of suit may have been a non-resident of the State.

For these reasons it is apparent that the Woodruff Chancery Court, and this court upon appeal, had jurisdiction of the person of the minor defendant, Fred Becton, by reason of the constructive service upon him and his appearance thereafter by his guardian, who made defense for him.

The point is made that no notice was served upon the minor, Fred Becton, of the filing of the mandate. That is only necessary where a trial is demanded at the first term of the court after the reversal of the case. Kirby's Digest, § 6174. The record shows that a motion for judgment upon the mandate was not made until the third term after the reversal of the cause and the filing of the mandate in the court.

The point is also made that the bond required by section 6254, Kirby's Digest, was not given. This bond is only required in case of constructive service where there has been no appearance and no defense, and is not applicable here where there were appearance and defense.

Counsel for Lynch raise another question not presented by the chancellor, and that is that the claim for rents and damages is *res judicata,* and mandamus should not be awarded to compel the chancellor to consider that question. They say that the claim therefor was made in the former hearing and denied by the court, and that decision reversed, and no direction given to find for plaintiffs on that account, and therefore that question was decided against appellants. This position is not tenable.

The chancery court, in the first instance, did not go into this subject, because it found the land belonged to the defendants,

and not the plaintiffs, and dismissed the action. This court reversed that judgment, and directed decree for the plaintiffs, and that necessarily implied that the court should enter decree for the recovery of the land and adjudicate according to equity jurisprudence whatever rights would flow from such recovery. This court was not undertaking to settle any of those matters of rents, damages or other incidents consequent on the recovery of the land, because the chancery court had not reached the point where it was called upon to act upon them. When the decree is entered for the land, then these others matter will properly come for consideration, and must, and doubtless will, be properly considered and adjudicated. Mandamus is not a remedy to create a right, but only to enforce an existing right, and the court finds it applicable to this case. This court decided, *sub silentio,* it is true, that Fred Becton, the minor devisee in the will of John W. Becton, was a proper party to the proceeding, and directed a judgment entered against him and others. The chancery court became convinced that he was not properly made a party to the proceedings from the same record which was before this court. Without deciding whether he could consider this matter or not, it is plain that the minor was properly before the court, and the chancery court should have so held, if it went into the question at all.

In other words, there are no legal obstacles to the entry of the decree pursuant to the mandate, and the fact that the chancellor erroneously finds an obstacle will not prevent the rendition of judgment and the forcing of further litigation and a subsequent appeal to correct it, but in such cases mandamus lies—not to control any discretion or judicial determination, but to enforce the proper fulfillment of the directions of this court.

The mandamus will issue commanding the chancery court to enter the judgment against defendants in the cause, including the minor Fred Becton, and to hear and consider the claim for rents' and damages and other matters properly cognizable in equity on a judgment for the recovery of real estate.