## HINTON et al. v. UVALDE PAVING CO.
### No. 11479.

Court of Civil Appeals of Texas. Dallas. Oct. 27, 1934.

Rehearing Denied Jan. 5, 1935.

Ashworth, Crisp & Ashworth, of Kaufman, for appellants.

Bartlett, Thornton & Montgomery, of Dallas, for appellee.

LOONEY, Justice.

The Uvalde Paving Company sued Mrs. Eva Hinton (joining pro forma W. R. Hinton, her present husband), administratrix of the estate of her late husband, D. H. Mitchell, to recover balance due on two street paving certificates, issued by the city of Terrell, and to establish the statutory liens on the benefited property, being lot 3 in block 51 of said city, fronting 125 feet on the east side of Catherine street and 125 feet on the north side of College street. Appellants answered by general denial and special pleas, to the effect that the certificates were void, in that precedent requirements of the charter and ordinances of said city were not complied with; that the certificates were in excess of benefits derived from the improvements; that the lot in question was the homestead of Mrs. Hinton and her former husband, D. H. Mitchell, at the time of said improvements and the alleged accrual of the liens; and in a cross-action appellants alleged that, in making the improvements, appellee placed dirt, excavated from the streets, in and upon the lot in question, causing water to run under the foundation of the house thereon, damaging the property in the sum of $1,500, for which they sought judgment against appellee.

At the conclusion of the evidence, the court submitted but one issue to the jury; that is, as to the amount of the attorney fee that should be allowed appellee, which the jury found to be $120. On other issues, the court found from undisputed evidence that the certificates were issued according to law and created valid liens upon the land in question; that at the time the lien was created D. H. Mitchell and his wife (now Mrs. Hinton) owned a place on Pacific avenue, in the city of Terrell, upon which they resided, and that, "the evidence being conclusive that the property on Pacific Avenue was the homestead of D. H. Mitchell and wife, such lien against the property involved in this suit (Catherine Street lot) cannot be defeated by the plea of homestead exemption"; also found that the cause of action for damages, urged by appellants in the cross-action, was barred by the statute of two years' limitation, therefore rendered the judgment appealed from, which awarded appellee recovery of the amount due upon the certificates, principal, interest, and attorney fee, established the statutory lien upon the Catherine street property, and denied recovery on the cross-action for damages.

Under provisions of article 1105b, § 6, Vernon's Ann. Civ. St., the certificates constituted prima facie evidence of all the matters recited therein, i. e., that the proceedings in regard to the improvements were regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property and the personal liability of the owners had been performed; this being true, appellee was not required, in order to make out a prima facie case, to introduce the supporting ordinances and proceedings; however, appellee saw fit to introduce them, to which appellants urged sundry objections, and assigned errors on the action of the court in admitting same over their objections.

We find no error in the action of the court in the admission of these proceedings; therefore overrule all assignments and related propositions in regard to this phase of the case.

Over appellants' objection, the court permitted appellee to read from the deed records of Kaufman county a document purporting to be a homestead designation, dated July 10, 1925, regularly executed by D. H. Mitchell and wife (now Mrs. Hinton), designating as their homestead the Pacific avenue place, their residence at the time the street improvements were made; the contention being that the record of this document was not admissible, in the absence of an agreement permitting the introduction of the instrument in this manner, no certified copy of the record having been filed and notice given, as

required by article 3726, R. S. We think the objection should have been sustained. The execution of the designation by Mitchell and wife was not proven, and no attempt was made to comply with the provisions of the statute in regard to the filing of a certified copy; however, in view of the remaining undisputed evidence, which conclusively shows that the Pacific avenue property, at the time the liens accrued, was the homestead of the Mitchells, the error of the court, in admitting the evidence, became harmless, hence the assignment in regard to this matter is overruled.

In support of the homestead plea, appellants offered in evidence an order of the probate court of Kaufman county, of date July 11, 1932, setting aside to Mrs. Hinton, discharged of any and all debts of whatever kind and character, the Catherine street place as her homestead, which was excluded on objection by appellee, and the action of the court in this respect is assigned as error. We do not think the court erred in excluding the probate court order; in the first place, appellants did not base their homestead right upon such order, but upon other and different facts; but, if the issue had been properly pleaded, the alleged error of the court in excluding the order, not having been complained of by appellants in their motion for a new trial, was waived. See Universal Life, etc., Co. v. Armstrong (Tex. Civ. App.) 63 S. W.(2d) 225. Again, if the issue had been properly pleaded, and the action of the court properly assigned and presented for review, nevertheless we would be compelled to sustain the ruling of the trial court. The statute (article 3492, as amended by Acts 1931, c. 236, § 1 [Vernon's Ann. Civ. St. art. 3492]) does not authorize the probate court to set aside to a widow and minor children, as exempt, property upon which there exists a valid subsisting lien or appropriate same to make up allowances in lieu of exemptions discharged of existing liens, to the loss or detriment of a lienholder. Prior to its amendment by the Forty-Second Legislature, the statute (Rev. St. art. 3492) provided that no property upon which there is a valid subsisting lien or incumbrance shall be set aside for the named purposes "until the debts secured by such liens are first discharged," meaning, of course, that the debts should be paid. The statute, as amended (Vernon's Ann. Civ. St. art. 3492), authorizes the probate court to set aside incumbered property to the widow and minor children, for such purposes, provided "the debts secured by such lien, shall, if necessity requires, be either dis-

charged," i. e., paid, "or continued as against such property." The only material change in the statute, made by the amendment, was to authorize the court to set aside incumbered property to the widow and minor children, and continue the lien against the property; formerly, the court had no such authority. The caption of the amending act indicates clearly the purpose and scope of the bill; it reads: "An Act to amend Article 3492, of Chapter 17, Title 54, of the Revised Civil Statutes of 1925, so as to permit the court to set apart to the widow or children, if necessity requires, the exempt property, subject to existing liens against the same, and declaring an emergency."

So, if properly confronted with the question, we would be compelled to hold that the attempt of the probate court to set aside the Catherine street property to Mrs. Hinton as a homestead, cleansed of the subsisting statutory lien, without payment of the debt secured, was wholly unauthorized.

Appellants further contend that the evidence on the homestead issue was sufficient to require its submission to the jury. On this issue, the undisputed evidence shows that D. H. Mitchell and wife acquired title to the Catherine street property about 1921 or 1922, resided thereon and made it their homestead until about three or four years before the street improvements were made, when they moved to and resided upon another place owned by them, situated on Pacific avenue in the city of Terrell. The Catherine street property, after being vacated, was rented and occupied by tenants; this being the status at the time the streets were improved and the certificates issued. Shortly after moving from the Catherine street place, Mr. and Mrs. Mitchell placed a loan of $1,000 thereon; Mrs. Mitchell continued to occupy the Pacific avenue place for about a year after the death of Mr. Mitchell, and was residing there at the time of her marriage to Mr. Hinton.

The evidence relied upon by appellants, in support of the contention that the homestead issue should have gone to the jury, is the testimony of Mrs. Hinton, to the effect that, when the paving enterprise was begun and during its progress, she and her former husband claimed the Catherine street place as their homestead; that they never claimed the other place (Pacific avenue) as their homestead, nor did they intend to permanently reside there, but intended to return to their old home place. Asked why they moved from the Catherine street place, she said be-

cause they thought it best to rent the place and move to the other location. She also testified that, after moving, they borrowed $1,000 on the Catherine street place as security. Mr. McGinty, chairman of the city commission of Terrell, when the streets in question were paved, testified that, while the paving enterprise was in progress, both Mr. and Mrs. Mitchell stated to witness that they claimed the Catherine street place as their homestead. The record, however, is barren of any fact or circumstance supporting the claim. If, however, it be assumed that they did not intend to abandon the Catherine street place as a homestead, the continuity of this intention was certainly broken when they mortgaged the property to secure the loan of $1,000, for it will not be assumed that they would be parties to the void, illegal, and futile act of mortgaging their homestead.

■ The existence, whether or not, of a homestead estate in property, must be determined from obvious facts, such as the use made of property, and cannot rest alone on intention or upon an asserted claim unaccompanied by any supporting fact or circumstance. Methery v. Walker, 17 Tex. 594; Houston & G. N. R. R. Co. v. Winter, 44 Tex. 612; Andrews v. Hagadon, 54 Tex. 576; Harris v. Matthews, 36 Tex. Civ. App. 424, 81 S. W. 1198, 1205; Connelly v. Johnson (Tex. Civ. App.) 259 S. W. 634, 636; Pearson v. Felps (Tex. Civ. App.) 53 S.W.(2d) 495. The courts say that the most satisfactory evidence of the abandonment of a homestead is the acquisition of another home. Slavin v. Wheeler, 61 Tex. 654. The Mitchells could not have two homestead estates at the same time. Their removal from the Catherine street place to the Pacific avenue place, and its occupancy and use as a homestead, unaccompanied by any act evidencing an intention to return to the former home, silently, but effectively, proclaimed it to be their homestead, and constituted the highest and most conclusive evidence of the abandonment of the Catherine street property as a homestead. Bayless v. Guthrie (Tex. Com. App.) 235 S. W. 843, 845; Bell v. Crabb (Tex. Com. App.) 244 S. W. 371, 372; Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228, 231; American Exch. Nat. Bank v. Jeffries (Tex. Civ. App.) 36 S.W.(2d) 558.

■ So we conclude that the court did not err in assuming that the evidence conclusively showed that the Pacific avenue place was the homestead of Mr. and Mrs. Mitchell at and prior to the time of the accrual of the improvement liens.

■ Appellants' cross-action was for damages caused by a pile of dirt placed on the lot at the time the street was being prepared for the pavement, causing surface water to collect and stand under the house, injuring its foundation, etc. Limitation of two years was pleaded as a defense (Vernon's Ann. Civ. St. art. 5526). The record discloses that the pavement was completed and accepted July 9, 1929, and defendants' cause of action was not asserted until November 29, 1932. The trial court held the claim barred by the two-year statute; hence did not submit the issue to the jury.

The contention of appellants is that limitation did not begin to run until water from rainfalls was diverted by the pile of dirt, and caused to collect under the house, etc., which is shown to have occurred at different times within the two-year period prior to the filing of the cross-action for damages; whereas the contention of appellee is that the cause of action, if any, arose at the time appellants' premises were invaded and the dirt piled thereon.

The contention of appellee, in our opinion, is supported by the authorities. In Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S. W. 36, 37, the Supreme Court had before it a similar situation, and, in disposing of the question, Judge Stayton said: "When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained. * * * If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar." To the same effect see Trinity Portland Cement Co. v. Horton (Tex. Civ. App.) 214 S. W. 510.

Failing to find reversible error, the judgment of the lower court is affirmed.

Affirmed.

BOND, J., did not sit, having presided at the trial court.