**UVALDE PAVING CO. v. BROOKS,**
County Judge, et al.

No. 12081.

Court of Civil Appeals of Texas. Dallas.
July 16, 1935.

As Corrected on Denial of Rehearing Sept. 28, 1935.

Bartlett, Thornton & Montgomery, of Dallas, for relator.

Ashworth & Ashworth, of Kaufman, for respondents.

LOONEY, Justice.

This is an original application for mandamus by relator against the respondents and is an echo from the case of Hinton v. Uvalde Paving Co. (Tex. Civ. App.) reported in 77 S.W.(2d) 733, 736. It will be observed that, on its claim being rejected, the Uvalde Paving Company, relator herein, filed suit against Mrs. Eva Hinton (and her present husband) administratrix of the estate of D. H. Mitchell, her late husband, to recover balance due on two paving certificates issued by the city of Terrell, and to establish a statutory lien on the lot of land in Terrell benefited by the improvement. The contest below was as to the legal existence of the indebtedness and the lien, the contention being that, at the time of the improvement and accrual of the alleged lien, the property was the homestead of Mrs. Hinton and her former husband, D. H. Mitchell.

The trial court rendered judgment for the paving company, adjudicating these issues against the contention of Mrs. Hinton, respondent herein. On appeal to this court, the judgment of the trial court was affirmed, and on refusal by the Supreme Court of a writ of error, the mandate of this court issued to the trial court, which in turn certified the judgment for observance in due course of administration to the county court of Kaufman county, in which was pending administration on the estate of D. H. Mitchell, deceased.

On the judgment being certified and filed with the county clerk of Kaufman county, the county judge, Honorable Ben Brooks, entered an order in the probate proceedings, as follows: "The claim of Uvalde Paving Company, having been established and adjudicated by the District Court of Kaufman County, Texas, in Cause No. 14447, styled Uvalde Paving Company v. Mrs. Eva Hinton et al., on the docket of said Court, and which judgment was in all things affirmed by the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, as shown by certified copy of the judgment of said District Court, hereto annexed and by the mandate from said Court of Civil Appeals duly presented to the Clerk of this court and entered upon the claim docket of this Court, is hereby approved as a matured secured claim on the real estate described in said judgment, to be paid in due course of administration, this 27th day of May, A. D. 1935."

As authorized by article 3564, R. S., relator filed an application praying the court to enter an order, directing the administratrix to sell the property for the satisfaction of the established claim. Thereafter respondent, Mrs. Eva Hinton, filed a motion in the probate proceedings, praying the court to set aside its order of May 27th, supra; also filed a contest of relator's application for an order of sale, and both were sustained by the court on substantially the following grounds; that is, that the lot upon which relator claimed the lien was, at the time of the street improvement and the attempted fixing of the lien, the homestead of D. H. Mitchell and family,

hence was not an asset of his estate; and further, by an order of said probate court, entered July, 1932, the lot was set aside to the surviving wife of deceased (Eva Hinton) as her homestead; that no appeal was taken from said order, and no certiorari was applied for, and as the judgment in favor of relator (appealed from, see Hinton v. Uvalde Paving Co. (Tex. Civ. App.) 77 S.W.(2d) 733) was not certified to the probate court within 30 days from its rendition, said court was without power to order a sale of the property in satisfaction of the established claim.

In view of the issues framed by pleadings in Hinton v. Uvalde Paving Co., supra, we think the district court was authorized, not only to establish the claim and fix the amount thereof, but also to establish the lien, and, in determining the latter issue, to adjudicate and settle the question of the homestead, as was done. See Jenkins v. Cain (Tex. Sup.) 12 S. W. 1114; Cunningham v. Taylor, 20 Tex. 126, 128; Perkins v. Sterne, 23 Tex. 561, 564, 76 Am. Dec. 72; George v. Ryon, 94 Tex. 317, 60 S. W. 427; 14 Tex. Jur. page 143, § 368. As before shown, both the district court and this court not only established relator's debt, as evidenced by the paving certificate, but also established its lien on the lot, and in so doing the trial court and this court necessarily held adversely to the contention of respondent on the homestead question, that is, in holding that the property was not the homestead of the family at the time the improvements were made and the lien fixed. So these questions, having been adjudicated and put at rest, were not undetermined issues to be adjudicated by the probate court; hence it was left without discretion in the premises, except to recognize the validity of the debt and lien as an established claim against the estate, to classify same as the statute directs, and order its payment in due course of administration.

On the issuance of the mandate of this court to the district court, and the proper certification of the judgment to the county court for its observance, it was the duty of the county judge, on the application made therefor, to order the property sold for the satisfaction of the established claim, and the performance of this duty could not be arbitrarily or capriciously refused.

We think the order of the honorable county judge, entered May 27, 1935, was correct and proper, and should not have been set aside; and, further, that the county court was without jurisdiction to pass upon the existence or validity of either the debt or lien, or to readjudicate the question of homestead, as these issues had been definitely and finally settled.

The writ of mandamus prayed for, in our opinion, should issue, commanding Honorable Ben Brooks, county judge of Kaufman county, to set aside his order of June 24, 1935, wherein he set aside his former order of May 27th, and thereupon to restore the latter order. The doctrine is well settled in this state, both by statute and case law that where there is a failure to obey a mandate, as in the instant case, the remedy of the injured party is mandamus, to compel compliance therewith. See article 1823, R. S.; Wells v. Littlefield, 62 Tex. 28; Witherspoon v. Daviss (Tex. Civ. App.) 163 S. W. 700; Williams v. Foster (Tex. Civ. App.) 229 S. W. 896; Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224; Milam County, etc., Co. v. Bass, 106 Tex. 260, 163 S. W. 577, 578; Conley v. Anderson (Tex. Sup.) 164 S. W. 985; Cattlemens Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; also, see, 38 C. J. § 155, page 642; 18 R. C. L. § 263, mandamus; Ex parte First Nat'l Bank, 207 U. S. 61, 28 S. Ct. 23, 52 L. Ed. 103; Nunn v. Robertson, 80 Ark. 350, 97 S. W. 293, Ann. Cas. 1913E, 1197; People v. District Court, 63 Colo. 511, 168 P. 260; Lawrence v. Terrell, 41 Idaho, 205, 238 P. 1072; Baltimore & O. R. Co. v. United States, 279 U. S. 781, 49 S. Ct. 492, 73 L. Ed. 954.

We think the county judge abused his discretion, in refusing the application of relator for an order directing sale of the property for the satisfaction of its debt, but that question is not before us for revision, and could reach us only by an appropriate appeal from the district court, in the event the matter is appealed from the county court to the district court, and is there adjudicated.

The writ prayed for will issue, directing Honorable Ben Brooks, county judge of Kaufman county, to set aside his order of June 24, 1935, wherein he set aside the order of May 27, 1935, and thereupon to enter an order reinstating the order of May 27th, thus placing relator's claim in the third class, for payment in due course of administration.

Writ of mandamus granted.