## HINTON v. UVALDE PAVING CO.
### No. 2032.

Court of Civil Appeals of Texas. Waco.
May 26, 1938.

Rehearing Denied June 16, 1938.

Charles Ashworth, of Kaufman, for appellant.

Bartlett & Bartlett and O. D. Montgomery, all of Dallas, for appellee.

ALEXANDER, Justice.

The district court, on an appeal from the probate court, entered an order directing Mrs. Hinton, as administratrix of the estate of her former husband, D. H. Mitchell, deceased, to sell certain real property in the city of Terrell in satisfaction of a paving lien held by the Uvalde Paving Company. Said judgment was ordered certified to the probate court for observance. Said administratrix appealed.

The record discloses that the Uvalde Paving Company sued Mrs. Hinton, as administratrix of said estate, in the district court for debt and to foreclose the paving lien in question. The administratrix attempted to defeat the lien on the ground that the property was exempt as a homestead at the time the lien was attempted to be created. On November 29, 1932, judgment was entered in said suit in favor of the plaintiff therein for its debt with foreclosure of said lien and said judgment was ordered certified to the probate court for observance. This judgment was later affirmed by the Court of Civil Appeals at Dallas. See Hinton v. Uvalde

Paving Co., 77 S.W.2d 733. On May 27, 1935, after said judgment had been certified to the probate court, the county judge of said court approved the claim as a secured claim on the real estate in question. Thereafter, on June 24, 1935, said probate court set aside its order of date May 27, 1935, found that the property in question was exempt as a homestead and not subject to the lien in question, classified the paving company's claim as a fourth class claim and refused to order the property sold in satisfaction of such claim. Shortly thereafter, on an original application to the Court of Civil Appeals, that court issued a writ of mandamus requiring the probate court to set aside its order of date June 24, 1935, and to reinstate its order of date May 27, 1935. See Uvalde Paving Co. v. Brooks, Tex.Civ.App., 86 S.W.2d 49. Apparently, the probate court did not obey the writ of mandamus. At any rate, the paving company appealed to the district court from the order of the probate court of date June 24, 1935, denying it the right to sell the property in satisfaction of its claim. In the district court the order of the probate court was reversed and the property ordered sold in satisfaction of the lien. It is from this last judgment that the administratrix has appealed.

We think the original judgment in the district court of date November 29, 1932, settled the homestead question and finally determined the paving company's right to subject the property to the satisfaction of its lien. See Uvalde Paving Company v. Brooks, Tex.Civ.App., 86 S.W.2d 49, 51, and authorities there cited.

The appellant contends that the probate court entered an order on July 11, 1932, setting aside to the surviving widow the property in question as a homestead, and since there was no appeal from that order, said order finally determined the homestead question and was superior to the judgment of the district court of date November 29, 1932, foreclosing appellee's lien on the property. The alleged order of date July 11, 1932, setting aside to the widow the property in question as a homestead is not in the record and there is no complaint of the failure of the trial court to admit the same in evidence. However, we think the result would be the same if it should be shown that any such order was entered. The judgment of the district court above referred to has finally determined that there was a valid, subsisting and outstanding lien against the property at the time the probate court attempted to set the same aside as exempt to the widow as a homestead. The prior order of the probate court, setting the property aside as a homestead, did not prejudice the right of the paving company to have the property subsequently subjected to a valid, outstanding, prior lien. Hensel v. International B. & L. Association, 85 Tex. 215, 20 S.W. 116; Gregory v. Ward, Tex.Civ. App., 285 S.W. 935; Ford v. Sims, 93 Tex. 586, 57 S.W. 20; Federal Land Bank v. Tarter, Tex.Civ.App., 86 S.W.2d 523.

Appellant further contends that since the original judgment of the district court was rendered on November 29, 1932, and was not certified to and filed in the probate court for observance until May 20, 1935, the same was barred by the two year statute of limitation. She relies on R.S. art. 3523. This position is untenable. It is true the original judgment was rendered in the district court on the date above referred to, but the appellant herein appealed from that judgment to the Court of Civil Appeals, 77 S.W.2d 733, and that court did not affirm the judgment until October 27, 1934. Rehearing was denied January 5, 1935, and a writ of error applied for to the Supreme Court. The Supreme Court refused writ of error on February 13, 1935. Said judgment was not final in the sense that it could be certified to and enforced in the probate court so long as the appeal was pending (see 3 Tex.Jur. 364; Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030; Fidelity Union Casualty Co. v. Hanson, Tex.Com. App., 44 S.W.2d 985, 987), and hence limitation did not run against such judgment during said time. Consequently, the judgment was not barred by limitation at the time the same was filed in the probate court for observance.

The judgment of the trial court is affirmed.