## SCHWETHELM v. COLLOZO et al.

### No. 11081.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

Joe Burkett, of San Antonio, and Petsch & Burkett, of Kerrville, for plaintiff in error.

Robert I. Wilson, of Kerrville, for appellees.

MURRAY, Justice.

This is a trespass to try title suit instituted by Elida Soto Collozo and six other plaintiffs, in the District Court of Kendall County, Texas, against Alex Brinkman and Chester Schwethelm, seeking to recover the title and possession of Lots 2, 3 and 4 in Block 3, of a subdivision of outlot Number 66, Hillcrest Addition to the town of Comfort, Texas.

The trial was before the court without the intervention of a jury and resulted in judgment for plaintiffs against defendants for the title and possession of the lots in suit, each plaintiff recovering a definite fractional undivided interest. The undivided interest recovered by Elida Soto Collozo was charged with a lien in the sum of $225.00 in favor of Chester Schwethelm. From this judgment Chester Schwethelm has prosecuted this appeal.

Appellant's first proposition presents the contention that the court erred in permitting appellee to introduce in evidence a deed recorded in Vol. 42, page 584, Deed Records of Kendall County, by reading from the record, over appellant's objection, that appellee had not filed a certified copy of the deed three days before trial and notice thereof given, and further because the execution of the deed was not proven. We overrule this contention. Art. 3726, Vernon's Ann.Tex.Civ. Stats., as now amended, contains, among others, the following provisions: "If the land to which the instrument pertains is situated within the county in which the suit is pending, the party desiring to offer in evidence recorded instruments, may

162

do so, without producing the originals thereof and without accounting for his failure to produce such originals, by filing a list of such instruments at least ten (10) days before the trial, giving the volume and the page wherein such instruments are recorded; and unless an affidavit is filed by the opposite party at least three (3) days before trial, stating that he believes such instruments of writing to be forged, then the party filing such lists of instruments shall be entitled to read the same from the record. A copy of a list of such instruments shall be filed with the Clerk of the County Court at least three (3) days before the trial of a case and said County Clerk shall on the day of the trial deliver, or cause to be delivered, to the Court in which the case is pending, all of the records requested, and said Clerk shall not charge for the use of said records. Acts 1846, p. 387; Acts 1907, p. 308; P.D. 3716; G.L. vol. 2, p. 1693; Acts 1927, 40th Leg., 1st C.S., p. 198, ch. 73, § 1; Acts 1939, 46th Leg., p. 325, § 1; Acts 1941, 47th Leg., S.B. #83, § 1."

The land involved herein was located in the county where the suit was tried. Appellee filed with the clerk a list of instruments which he intended to introduce in evidence more than a year before the trial. The deed offered in evidence was contained in the list filed, and the record offered was a record from the County Clerk's office of Kendall County. Notice was given to the Clerk to produce the records more than three days before the day of trial. No affidavit of forgery was filed, hence no necessity for proving the execution of the deed existed.

The provisions of Art. 3726, supra, having been fully complied with, there was no error in permitting appellee to introduce this deed by reading from the records.

 Appellant next complains because the trial court refused to hear evidence of the value of improvements alleged to have been made upon the property in good faith. The deed, under which appellant claimed, to lots 2, 3 and 4 was a quit-claim deed. He had not been in possession of the property for one year, and therefore was not in a position to recover for improvements made in good faith. The court properly excluded the evidence. Art. 7393, Vernon's Ann.Civ.Stats.; 66 C.J. 1102, § 924.

The judgment is affirmed.