**Mark HORTENSTINE et al., Appellants,**

v.

**Arthur McKLEMURRY, Appellee.**

**No. 4218.**

Court of Civil Appeals of Texas.

Eastland.

March 8, 1968.

Rehearing Denied March 22, 1968.

**692**

McCulloch, Ray, Trotti & Hemphill, Ross H. Hemphill, Dallas, for appellants.

Corsbie & Tandy, W. L. Tandy, Waco, for appellee.

GRISSOM, Chief Justice.

Arthur McKlemurry sued Mark Hortenstine and wife, Katherine, and also Henry Hortenstine and Kay-Tex, Inc., in trespass to try title to a one-half interest in realty which, for convenience, will be referred to as the DeVille Apartments. He alleged the common source of the title of all parties was Big D. Apartments, which, on March 8, 1965, executed a deed conveying said property to Henry and Mark Hortenstine. Plaintiff alleged that he would introduce said deed for the purpose of showing common source of title and he attached it to his petition which was filed more than 3 days before the trial. McKlemurry further alleged that on July 19, 1965, McKlemurry obtained a judgment against Mark Hortenstine for $59,110.94; that execution was duly issued and levied and a Sheriff's sale duly held at which McKlemurry bought Mark Hortenstine's interest in said apartments and the Sheriff, on May 3, 1966, executed and delivered a deed conveying Mark's interest to him. He alleged that on March 29, 1966, Henry Hortenstine had purported to convey Mark's interest in said property to a newly formed corporation, to-wit, Kay-Tex, Inc., which was controlled and substantially owned by Henry. McKlemurry sued for the rental value and for title and possession of a one-half interest in the DeVille Apartments. McKlemurry further alleged that four days after he obtained said judgment and while Mark Hortenstine was still the owner of said one-half interest Mark fraudulently executed a deed thereto to his father; that Mark then had no other property in Texas subject to execution sufficient to satisfy said judgment and said deed was executed with intent to delay, hinder and defraud McKlemurry in the collection of his judgment and that said deed was void by virtue of Articles 3996 and 3997, wherefore, he prayed that it be cancelled.

Mark Hortenstine and wife and Henry Hortenstine and Kay-Tex, Inc., pleaded not guilty. They alleged that the Sheriff's sale to McKlemurry was void because Mark had other property in Texas subject to execution sufficient to satisfy McKlemurry's judgment but that Mark was not given an opportunity to select which of his properties was to be sold to satisfy said judgment and further, that the Sheriff's sale of Mark's interest in the DeVille Apartments to McKlemurry for $15,000.00 was for a grossly inadequate consideration. They prayed that McKlemurry take nothing; that the Sheriff's deed to McKlemurry be held void and that the cloud thereby cast upon their title be removed.

A jury found (1) that the deed from Mark to his father was delivered with intent to delay, hinder and defraud McKlemurry in the collection of his judgment; that (5) when Mark executed and delivered the deed to his father Mark was not possessed of other property in Texas subject to execution sufficient to pay his debts and (6) that Mark's interest was not sold by the Sheriff to McKlemurry for a grossly inadequate price. The jury also found that (10) Mark and Henry Hortenstine entered into a conspiracy to hinder, delay and defraud McKlemurry in the collection of his judgment and (11) that McKlemurry was thereby damaged $4,000.00.

The court rendered judgment cancelling the deed executed by Mark and Katherine to Henry Hortenstine on July 23rd, 1965. It found that Mark was and had been continuously since that time the true owner of a one-half interest in the DeVille Apartments and that Mark's interest was conveyed by the Sheriff to McKlemurry and the Sheriff's sale was in

compliance with law. The court quieted the title to a one-half interest in McKlemurry and rendered a money judgment against the defendants for $2,533.62. They have appealed.

The appellants contend that the court committed reversible error in admitting plaintiff's exhibits 10 and 12 in evidence to show common source of title because they had not been filed with the papers in the case for three days before the trial, as required by Texas Rules of Civil Procedure, rule 798. Plaintiff's exhibit 10 was a certified copy of the deed executed by Mark and wife on July 23, 1965 to his father purporting to convey Mark's undivided half interest in the property in controversy. Plaintiff's exhibit 12 was a certified copy of Henry Hortenstine's deed purporting to convey that interest to Kay-Tex, Inc. Rule 798 provides that a plaintiff may make proof of common source by introducing certified copies of deeds showing a chain of title to the defendant emanating under and from such common source. But it requires that "Before any such certified copies shall be read in evidence, they shall be filed with the papers of the suit three days before the trial and the adverse party served with notice of such filing—"

■■ Contrary to appellee's contention, the deed from Big D. Apartments, Inc., to Henry and Mark Hortenstine, the only certified copy of a deed filed with the papers of the case as required by Rule 798, was not, alone, sufficient to establish common source under T.R.C.P. 798. McKlemurry was required to prove a title emanating from the common source under which both he and defendants claim and, further, that his title from that source was superior to that of the defendants. A good statement of the established rule is found in Hovel v. Kaufman (Tex.Com.App.), 280 S.W. 185, 188, wherein the court said:

"The correct rule is that, whenever a plaintiff in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title." The court cited Keys v. Mason, 44 Tex. 140; Sebastian v. Brown, 75 Tex. 291, 12 S.W. 986; Howard v. Masterson, 77 Tex. 41, 13 S.W. 635; Rice v. St. Louis, A. & T. Railway Co., 87 Tex. 90, 26 S.W. 1047, 47 Am.St.Rep. 72; and Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S.W. 62.

See also Lindley v. Mowell, Tex.Civ.App., 232 S.W.2d 256, 260 (Ref. n. r. e.); Jackson v. First Nat. Bank, Tex.Civ.App., 290 S.W. 276, 277 (Writ dism.); Tarter v. Frazier, Tex.Civ.App., 159 S.W.2d 168, 171 (Ref. W.M.); Tapp v. Corey, 64 Tex. 594, 596 and Word v. Houston Oil Co. of Texas, Tex.Civ.App., 144 S.W. 334, 338 (WR).

■ Contrary to appellee's contention, when the statement of facts is studied, it is clear that appellants objected to the introduction of said certified copies because they had not been filed with the papers of the case for three days before the trial as required by Rule 798. That rule gave plaintiff the right to prove common source by certified copies of recorded deeds. But, it expressly required that before such copies were introduced they must be filed among the papers of the case for 3 days before the trial and notice thereof given. The rule provides a method of proving common source of title by certified copies of instruments on file with the County Clerk only when such copies are filed and notice given as required by that rule. Johnson v. Stickney, Tex.Civ.App., 152 S.W.2d 921, 926. The reasoning in Rio Grande & E. P. R. Co. v. Milmo Nat. Bank, 72 Tex. 467, 10 S.W. 563, 564, and Hinton v. Uvalde Paving Co., Tex.Civ.App., 77 S.W.2d 733, 735 (Writ ref.), compels that

conclusion. See also 56 Tex.Jur.2d, Section 127, page 268.

Said deeds contained evidence essential to McKlemurry's recovery which was not otherwise presented. When appellants first objected to introduction of certified copies because they had not been filed among the papers of the case for three days as required by Rule 798, the court called appellee's attention to the fact that he had the burden of establishing a common source of title and showing that both his title and defendants emanated from that source and that his title from that source was superior. Appellee and the court were given notice by appellants' objections that they were insisting upon compliance with the requirement of Rule 798, that before certified copies were introduced they must be filed with the papers for three days before the trial. Under the circumstances, since the judgment rests upon such improper evidence, we are forced to conclude that their admission constituted reversible error. The judgment is reversed and the cause is remanded.