John C. CAIN, Appellant,

v.

Cora ROBERTS, Appellee.

No. 21052.

Court of Appeals of Texas,
Dallas.

May 28, 1982.

Rehearing Denied June 25, 1982.

Law Offices of George West, Juris Docter Inc., George Lamborn West, J.D., Dallas, for appellant.

William Andress & Associates, P.C., William Andress, Jr., Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

AKIN, Justice.

John Cain appeals from a judgment decreeing title in Cora Roberts in a trespass to try title suit. At trial, Roberts introduced five exhibits to establish her superior title through a common source of title. These exhibits were: (1) a judgment in Cause No. 80835–G, styled *A.J. Roberts v. Billy Joe Sams, et al.;* (2) an abstract of judgment in that cause; (3) a sheriff's deed to Aubrey

Roberts as a result of the foreclosure of the judgment lien; (4) the last will and testament of Aubrey J. Roberts and the order probating the will; and (5) a deed from C.C. Patterson to John C. Cain. Cain asserts that the trial court erred in admitting these documents into evidence because they had not been on file with the court for three days before trial as required by Tex.R. Civ.P. 798. We affirm on the ground that since Roberts complied with Rules 791 and 792, he was not required to comply with Rule 798. Accordingly, we hold that Rule 798 and Rules 791 and 792 provide alternative methods for placing the opposing party on notice of the recorded instruments upon which a party relies to establish title.

■ Cain argues that the trial judge erred in allowing Roberts to introduce certified copies of records to establish a common source of title because the certified copies were not on file within three days of trial as required by Tex.R.Civ.P. 798. We hold that certified copies of deeds are admissible if the party offering the certified copies complies with either the requirements of Rules 791 and 792 or Rule 798. Rule 798 requires that a plaintiff seeking to establish his superior title over a defendant by showing a common chain of title through certified copies of deeds must file the certified copies with the papers of the suit within three days of trial. Rule 798 must be read together with Tex.Rev.Civ.Stat.Ann. art. 3726 (Vernon Supp.1982), which is the general statutory provision for the introduction of recorded instruments into evidence. Article 3726 provides that a properly recorded instrument is to be admitted into evidence if it is filed within three days of trial unless the opposing party files an affidavit that he believes such instrument to be forged. In view of article 3726, the purpose of the three-day filing requirement of Rule 798 is to allow the defendant sufficient notice to enable him to detect any defect in the instrument submitted for evidence.

This same purpose was served by the filing of an abstract pursuant to Tex.R. Civ.P. 791 and 792, which is to enable the person demanding such abstract sufficient time to investigate the records and thereby determine the authenticity of the instruments upon which the opposing party relies, so that an informed defense may be prepared. *Corder v. Foster,* 505 S.W.2d 645, 648 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *McCraw v. City of Dallas,* 420 S.W.2d 793, 797–98 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). Thus, the purpose of the three-day filing requirement of Rule 798 and the purpose of filing an abstract pursuant to Rules 791 and 792 are identical, and that is to provide the opposing party sufficient notice of what recorded instruments plaintiff intends to rely upon at trial to establish his title. Consequently, once a defendant has been put on notice of these recorded instruments upon which plaintiff intends to rely at trial to establish title pursuant to either Rule 798 or Rules 791 and 792, the certified copies are admissible at trial. *See Farhart v. Blackshear,* 434 S.W.2d 395, 399–400 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.). *Semmes v. Olivarez,* 368 S.W.2d 46, 48–49 (Tex.Civ.App.—Austin 1963, no writ); *Schwethelm v. Collozo,* 159 S.W.2d 161, 162 (Tex.Civ.App.—San Antonio 1942, writ ref'd). Thus, we hold that Rule 798 and Rules 791 and 792 provide alternative methods to place the opposing party on notice of these recorded instruments.

■ In this case, Roberts filed an abstract of the instruments upon which he relied at trial, fourteen months before the trial. Thus, Cain had the opportunity to examine the instruments, and in fact, filed an affidavit of forgery as to one of the instruments months before trial. Because Roberts complied with Rules 791 and 792, the trial court properly admitted the instruments even without compliance with Rule 798 because the purpose of that rule had been satisfied.

In this respect, we note that *Hortenstine v. McKlemurry,* 425 S.W.2d 691 (Tex.Civ. App.—Eastland 1968, writ ref'd n.r.e.), is distinguishable from the present case and is thus not controlling. In *Hortenstine* the Eastland Court of Civil Appeals reversed because the plaintiff failed to file the certi-

fied copies of the deeds establishing a common source of title within three days of trial as required by Rule 798. The facts in *Hortenstine* do not show, however, that the plaintiff had filed an abstract pursuant to Rules 791 and 792 or that the defendant had any knowledge of the recorded instruments until they were introduced at trial. Thus, the defendant in that case had no opportunity to ascertain their authenticity. In this case, because the abstract was filed fourteen months before trial, Cain had adequate notice that Roberts was relying on those instruments to establish her title.

Additionally, Cain asserts several additional points of error in his brief; however, these points are neither properly presented, briefed, nor argued, as required by Tex.R. Civ.P. 418. Nevertheless, we have reviewed these points and find no reversible error. Consequently, the judgment is affirmed.

Affirmed.